[Civ. No. 10696. Third Dist. Dec. 20, 1963.]

JOHNSON RANCHO COUNTY WATER DISTRICT, Plaintiff and Appellant, v. COUNTY OF YUBA et al., Defendants and Respondents.

682

Millington & Millington, Weis, Weis & Harpham and Seth Millington for Plaintiff and Appellant.

Alvin Landis, Joseph L. Heenan and Eugene L. Gray for Defendants and Respondents.

PIERCE, P. J.—Demurrer to plaintiff's amended complaint was sustained without leave to amend. Judgment of dismissal followed. We hold this was error but unprejudicial for reasons which will be developed below.

The amended complaint pleaded ownership by plaintiff-appellant water district of four appropriative water rights. (Water Resources Applications Numbers 15204, 15205, 15563 and 15674.) It alleged these rights had been acquired by a written transfer dated January 8, 1959, from Wheatland Water District. Also alleged was a wrongful attempt by defendant-respondent county and defendant-respondent Yuba County Water Agency to interfere with those rights. The relief prayed for (unimportant in the discussion which follows) was a declaration of the parties' respective rights, a decree declaring a constructive trusteeship for plaintiff's benefit, and quieting plaintiff's title.

A demurrer on both general and special grounds was filed and contemporaneously therewith a demand (under Code Civ. Proc., § 449) for production of the written instrument of transfer dated January 8, 1959, which in the amended complaint had been pleaded according to its legal effect but which had not been appended to the complaint. The agreement was thereafter produced and it was filed with the clerk by defendants. It is a part of the record on appeal. *It shows on its face that the water rights covered by the transfer are not those alleged in the complaint at all.*

For an unexplained reason two years and fifteen days elapsed between the filing of the demurrer and the court's order thereon. The order when made, as stated above, sustained the demurrer without leave to amend. It was based *inter alia* upon the ground "Said agreement shows in the face thereof that the above numbered applications were not

included in the alleged assignment by the Wheatland Water District to plaintiff.''

Appellant's opening brief ignores the variance between the water rights pleaded and those transferred and that this was the trial court's first stated ground for sustaining the demurrer. Appellant's entire argument is addressed to what its rights would have been assuming the agreement covered the water rights which the pleading sought to establish.

Respondents' brief points out the difference between the water rights of the pleading and those of the agreement, and appellant's reply brief urges that this was a matter where plaintiff should have had an opportunity to amend. (The brief does not explain what the amendment would have been but presumably it either would have (1) alleged other water rights, to wit: one or more among those covered by the agreement furnished, or (2) produced another agreement transferring the water rights described in the complaint.)

At the oral argument appellant's counsel disclaimed an ability or desire to state a cause of action with reference to the water rights covered by the January 8, 1959, agreement. With reference to the possibility that another agreement existed transferring the rights described in the amended complaint, however, appellant's counsel, Mr. Millington, advised the court that the attorney who had been familiar with the plaintiff's claims and who had prepared the pleadings had died; that his papers pertaining to the case had been delivered to Mr. Millington and were voluminous. He requested, and after stipulation between counsel, was granted 30 days within which to search for a possible separate agreement covering the water rights which are the subject matter of the suit.[1]

---

[1]Excerpts from the oral argument covering this are:

"Mr. Millington: I would like a chance to amend the complaint. I don't know that I can do a better job.

Presiding Justice Pierce: That would seem futile; you are asking us to reverse, sending it back when you don't know whether it will serve any useful purpose.

Mr. Millington: I will be the first to admit it.

Presiding Justice Pierce: Would you like to have us hold the matter up for a reasonable time so you can search the files?

Mr. Millington: Yes, I would.

Presiding Justice Pierce: Probably you will not reach it for 15 days,

Mr. Millington: I could not do it myself.

Presiding Justice Pierce: Suppose we make it 20.

The *30 days* have expired; no agreement transferring the water rights involved has been produced, and we conclude none exists. The appeal, therefore, must be disposed of on the record before us.

The trial court erred in sustaining a demurrer to a complaint properly pleading a transfer of described water rights on the basis of evidence dehors the complaint, even though such evidence was the written instrument of transfer mentioned in, but not made a part of, the complaint. It seems to be true under common law practice that where a deed is pleaded according to its legal effect defendant may crave oyer and when the instrument is furnished it effectually becomes a part of the complaint and will be so treated for all purposes on demurrer. (See 41 Am.Jur., Pleading, §60, note 4, p. 331; 71 C.J.S., Pleading, §§369, 370, pp. 774-779.) Under California code pleading, however, there is neither propriety nor necessity for the disposition of the matter on demurrer. ■ Demurrers reach only those defects appearing on the face of the complaint or judicially noticeable. (Code Civ. Proc., §§ 430, 433; *Kleiner* v. *Garrison*, 82 Cal. App.2d 442, 447 [187 P.2d 57] ; *Mackay* v. *Clark Rig Bldg. Co.*, 5 Cal.App.2d 44, 55 [42 P.2d 341] ; 2 Witkin, Cal. Procedure, p. 1185 and p. 1468.) Respondents cite *Hill* v. *City of Santa Barbara*, 196 Cal.App.2d 580 [16 Cal.Rptr. 686], as support for the rule that if a pleaded contract shows no basis for a cause of action the complaint is demurrable. But there the written instrument was made a part of the complaint. Also not in point are their other authorities cited.

■ Although the court's ruling was erroneous it is clear from the facts and circumstances recited above there has been no prejudice. As the matter now stands, appellant has effectually confessed that it has no cause of action because it claims no interference with the water rights described in its contract and it has acquired no interest in the water rights described in its complaint. ■ The proper method by which this irremediable absence of a justiciable cause should

Mr. MILLINGTON: I would rather have 30—the best of secretaries can miss a valuable paper.

PRESIDING JUSTICE PIERCE: Very well if you do not find anything in 30 days—

Mr. LANDIS: [Counsel for Respondents] : If he finds anything in 30 days I will confess error.

PRESIDING JUSTICE PIERCE: — that will save time on everybody's part."

have been disposed of was by motion for summary judgment based upon affidavits. (Code Civ. Proc., § 437c.)  But of what avail would it be to reverse the judgment where an inevitable dismissal based upon a summary judgment motion would immediately follow the remittitur? The "no miscarriage of justice" provision (Cal. Const., art. VI, § 4½) obviates this circuity. (*Anderson* v. *McNally*, 150 Cal.App.2d 778, 784 [310 P.2d 975].)

The judgment is affirmed.

Schottky, J., and Friedman, J., concurred.