[No. B024766. Second Dist., Div. Six. Mar. 10, 1988.]

RICHARD S. BASTIAN, Plaintiff and Appellant, v.
COUNTY OF SAN LUIS OBISPO et al., Defendants and
Respondents.

COUNSEL

Raymond L. Girard for Plaintiff and Appellant.

Ernst & Mattison, Raymond E. Mattison and Patricia Gomez for Defendants and Respondents.

OPINION

**GILBERT, J.**—A driver is killed in an automobile accident. A deputy sheriff arrives at the scene of the accident and places an empty vodka bottle alongside the body of the victim. A newspaper photographer arrives a short time later, and in the presence of the deputy sheriff photographs the scene without knowing it is contrived. Because of the publication of the misleading photograph, the photographer loses his job and his reputation as a newspaper photographer suffers. He is sued in an action brought by the survivors of the accident victim. May the photographer then sue the officer and the San Luis Obispo County (County) for negligence? Yes, because when a law enforcement officer creates a peril which causes a person's injury, the officer has a duty to warn of the peril, and that duty does not depend on the existence of a "special relationship."

The photographer brought an action against the County and the officer for negligence among other things. He appeals from an order of dismissal following the trial court's sustaining demurrers to his causes of action. The trial court found that the photographer filed his claim with the County too late, but even if timely filed, the deputy sheriff owed no duty to the photog-

rapher. The court also found that the County and deputy sheriff were immune from liability.

We reverse. Sufficient facts have been alleged to establish a cause of action against the officer and the County, and to raise the issue whether the doctrine of belated discovery tolled the statute of limitations for filing a tort claim with the County. We also hold that statutory immunity is not applicable to the causes of action pleaded here, although the demurrer to the second cause of action was properly sustained because of uncertainty.

FACTS

We treat all facts pleaded in the complaint as true for the sole purpose of testing the questions of law raised by the demurrer. (*McHugh* v. *Howard* (1958) 165 Cal.App.2d 169, 174 [331 P.2d 674]; 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 898, p. 338.)

Bill Ray Harrison was killed when he was thrown from the automobile he was driving in a single vehicle accident near the town of Nipomo on February 19, 1982. San Luis Obispo County Deputy Sheriff Benjamin Hall and two California Highway Patrol officers were "securing" the area when plaintiff Richard S. Bastian, a newspaper photographer, arrived at the accident scene. Bastian photographed the victim's body as it was being examined by a highway patrol officer. Alongside the body was an unbroken, empty vodka bottle with the label facing up.

Several days later, Bastian's newspaper, the Times Press Recorder, published the photograph of Harrison's body and the vodka bottle. A local storm of protest followed. Members of the public and of Harrison's family were suspicious about the conspicuous position of the vodka bottle, which remarkably was still intact after the accident. They accused Bastian and the newspaper of staging the photograph. Bastian's relationship with his employer deteriorated as a result of these accusations, and in April 1982 he was fired from his job.

Six months later, in October 1982, Harrison's survivors filed suit against Bastian, the newspaper, a member of the California Highway Patrol who was at the accident scene, and others, claiming damages for intentional infliction of emotional distress. The survivors contend Bastian and the California Highway Patrol officer discovered a vodka bottle lying on the roadway, and with no good faith reason to believe it had any relationship to the accident, deliberately placed it alongside Harrison's body for the purpose of taking the photograph.

On November 11, 1984, Deputy Sheriff Benjamin Hall, who had not been named as a defendant in the survivors' lawsuit, was deposed. He admitted during his deposition that upon arriving at the accident scene he discovered the vodka bottle lying some distance from Harrison's body. He placed it next to the body even though he knew that the bottle was not Harrison's and was unrelated to the accident.

Bastian learned of Hall's testimony on January 7, 1985. Four days later he filed a claim against the County of San Luis Obispo, alleging that Hall's act caused him to lose his job, affected his reputation and stature in his profession, and caused emotional distress and suffering. The County rejected the claim, and Bastian filed suit in superior court.

The complaint alleged that Hall knew Bastian was a newspaper photographer, and that Hall either negligently or intentionally injured Bastian by not warning him that he had altered the accident scene by placing the bottle alongside Harrison's body.

The trial court sustained a demurrer to the complaint on the grounds that Bastian failed to file his claim with the County in a timely manner pursuant to the Tort Claims Act, that Hall owed no duty to Bastian to exercise due care, and that the County and Hall are both immune from liability. The demurrer to the negligence cause of action was sustained without leave to amend, and the demurrer to the cause of action alleging intentional conduct was sustained with leave to amend. Bastian declined to file an amended complaint, and the cause was dismissed. Bastian appeals.

## DISCUSSION

### 1) BELATED DISCOVERY

The Tort Claims Act requires that a claim be filed with the County within 100 days of accrual of the cause of action. (Gov. Code, § 911.2.) A claimant may also apply for leave to file a late claim within one year of accrual. (Gov. Code, § 911.4.) Bastian filed his claim with the County nearly three years after Harrison's accident, which was about two and three-quarters years after he was fired from his job.

Bastian argues that his complaint sufficiently alleges the tolling of the Tort Claims Act limitation statutes under the doctrine of belated discovery because the cause of his injury, negligence of Deputy Sheriff Hall, was unknown until January 7, 1985. Bastian asserts that the trial court erred in sustaining the demurrer on the grounds of an untimely filing

against the County, because once properly pleaded, belated discovery is a question of fact.

A cause of action normally accrues at the time of injury. (*Dujardin* v. *Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350, 355 [138 Cal.Rptr. 20].) In some situations, the cause of action does not accrue from the "occurrence of the last essential fact, nor from discovery of the damage to their property . . . but rather from the point in time when plaintiffs become aware of defendant's negligence as a cause, or could have become so aware through the exercise of reasonable diligence." (*Leaf* v. *City of San Mateo,* (1980) 104 Cal.App.3d 398, 408 [163 Cal.Rptr. 711].)

In order to raise the issue of belated discovery, the plaintiff must state when the discovery was made, the circumstances behind the discovery, and plead facts showing that the failure to discover was reasonable, justifiable and not the result of a failure to investigate or act. (*Dujardin* v. *Ventura County General Hosp., supra,* 69 Cal.App.3d at p. 356.) Once belated discovery is pleaded, the issue of whether plaintiff exercised reasonable diligence in discovering the negligent cause of the injury is a question of fact. (*Leaf* v. *City of San Mateo, supra,* 104 Cal.App.3d at p. 409.) On appeal from a demurrer, the issue is whether the trial court could determine as a matter of law that failure to discover was due to failure to investigate or to act without diligence. (*Dujardin* v. *Ventura County General Hosp., supra,* at p. 356.)

Bastian's complaint alleges facts sufficient to establish these pleading requirements and so raised the issue of belated discovery.

The test for belated discovery is whether the plaintiff has information of circumstances " ' " . . . sufficient to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his or her investigation." [Citations.] If plaintiff believes because of injuries she has suffered that someone has done something wrong, such a fact is sufficient to alert a plaintiff "to the necessity for investigation and the pursuit of her remedies." [Citations.]' " (*Snow* v. *A.H. Robins Co.* (1985) 165 Cal.App.3d 120, 129 [211 Cal.Rptr. 271], quoting *Graham* v. *Hansen* (1982) 128 Cal.App.3d 965, 972-973 [180 Cal.Rptr. 604].)

Harrison's survivors did not name Hall or the County in their lawsuit, suggesting that they, like Bastian, did not believe Hall moved the vodka bottle. Once he was sued, however, Bastian began to investigate whether someone had tampered with the accident scene. He spoke to the California Highway Patrol officers who attended the accident, and they

asserted having "no knowledge whatsoever" that the bottle had been moved. Bastian unsuccessfully attempted to speak to Hall, who was uncooperative. Investigators for the newspaper and for the state were also rebuffed by Hall and by the sheriff's department. In mid-1984, the sheriff's office issued a statement asserting that there were no grounds for suspecting Hall was "a party to any wrongdoing."

Bastian, therefore, contends it was reasonable for him to conclude that the bottle had not been moved. Bastian knew that the California Highway Patrol accident report made no mention of the bottle being moved. That, combined with the high blood alcohol level detected in the victim's body, helped dispel any suspicion that the vodka bottle was not part of the accident scene.

It is true the survivors' lawsuit put Bastian on notice of the possibility that someone had moved the vodka bottle, and Bastian had reason to believe Deputy Sheriff Hall might know something about it. The test, however, for diligence is not whether Bastian was successful in his timely investigation of the cause of his injury, but whether his efforts were reasonable. (*Leaf* v. *City of San Mateo, supra,* 104 Cal.App.3d at p. 408.)

The facts he asserts in his complaint support the conclusion that the information available to Bastian as a result of his investigation led him to the reasonable conclusion that the accident scene was undisturbed. The complaint would be subject to demurrer if the facts alleged in it would lead a reasonable mind to conclude that Bastian's investigation lacked diligence. (*Snow* v. *A.H. Robins Co., supra,* 165 Cal.App.3d 120, 129.) That is not the case here.

The County argues that Bastian, in exercising due diligence, should have subpoenaed Hall to testify under oath at an earlier time. The County would thus penalize Bastian for failing to get Hall to speak to him, and for believing the statement ultimately issued by the sheriff's department that Hall did not take part in any wrongdoing. Apparently Bastian did not succumb to such cynicism. The statement understandably diverted his attention away from Hall.

The survivors' lawsuit gave Bastian a reason to investigate, but it did not put him on notice that he had a cause of action against the County. To find as a matter of law that Bastian was not diligent because he was unsuccessful in his efforts to discover the truth, would encourage other plaintiffs to file

suits against government entities even though a diligent investigation fails to uncover facts that give rise to a cause of action. ■ The belated discovery rule protects the plaintiff, whose cause of action is preserved when, despite diligent investigation, he is blamelessly ignorant of the cause of his injuries. It also protects the defendant, who is spared precipitous litigation. (See *Leaf* v. *City of San Mateo, supra,* 104 Cal.App.3d at pp. 408-409.)

## 2) DUTY

■ The trial court also sustained the demurrer to the negligence cause of action because it found that Hall owed no duty of due care to Bastian. The County argues that in order for Hall, a deputy sheriff, to owe a duty to Bastian there must be a "special relationship" between the two. We disagree.

■ It is true that in many situations, a person is "not liable in tort merely for failure to take affirmative action to assist or protect another unless there is some relationship between them which gives rise to a duty to act. [Citations.]" (*Williams* v. *State of California* (1983) 34 Cal.3d 18, 23 [192 Cal.Rptr. 233, 664 P.2d 137].) Such a relationship exists when a law enforcement officer's promise or conduct induces detrimental reliance by the plaintiff. (*Id.* at p. 25.)

■ The duty which Bastian claims was owed him by Hall does not require such a "special relationship." Bastian was not the victim of a crime or accident who alleges additional injuries because he relied on Hall to protect or assist him. (See *Mann* v. *State of California* (1977) 70 Cal.App.3d 773 [139 Cal.Rptr. 82]; *Williams* v. *State of California, supra,* 34 Cal.3d 18.) Bastian does not assert that Hall, as a police officer, had a duty to him to properly gather evidence at the accident scene (see *Williams, supra,* at p. 24, fn. 4, and p. 27) or that Hall in any other way assumed a duty toward him greater than the duty he owed to any other member of the public (see *Davidson* v. *City of Westminster* (1982) 32 Cal.3d 197, 208-209 [185 Cal.Rptr. 252, 649 P.2d 894]). Nor does he assert this is a case of nonfeasance of a discretionary act by a public officer. (See *Sava* v. *Fuller* (1967) 249 Cal.App.2d 281, 290 [57 Cal.Rptr. 312].)

The duty here arose because Hall created a peril by placing the vodka bottle alongside the body. By this act, Hall had a duty to warn Bastian that the accident scene he was photographing was contrived, and this duty existed irrespective of whether or not Hall was a law enforcement officer. Bastian alleges it was reasonably foreseeable to Hall that publication of a

photograph of Harrison's body with the vodka bottle deliberately placed next to it would injure Bastian's reputation and employment status and would subject him to possible civil liability to Harrison's survivors. This question is one a jury may decide.

■ One who creates a foreseeable danger not readily discoverable by the endangered persons has the duty to warn them of the potential peril. (*Johnson* v. *State of California* (1968) 69 Cal.2d 782, 786 [73 Cal.Rptr. 240, 447 P.2d 352]; *City of Sacramento* v. *Superior Court* (1982) 131 Cal.App.3d 395, 405 [182 Cal.Rptr. 443]; Rest.2d Torts, § 21.) In this situation, a special relationship is not required to impose the duty. (See *Davidson* v. *City of Westminster, supra,* 32 Cal.3d at pp. 207-208; *Williams* v. *State of California, supra,* 34 Cal.3d at p. 27; *Sullivan* v. *City of Sacramento* (1987) 190 Cal.App.3d 1070, 1077 [235 Cal.Rptr. 844].)

■ The County's assertion that Hall had no duty to warn Bastian begs the essential question " ' ". . . whether the plaintiff's interests are entitled to legal protection against the defendant's conduct. . . . [Duty] is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." (Prosser, Law of Torts [3d ed. 1964] at pp. 332-333.)' " (*Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425, 434 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166].)

■ The question whether one owes a duty to another must be decided on a case-by-case basis, governed by the general rule that "all persons are required to use ordinary care to prevent others from being injured as the result of their conduct." (*Weirum* v. *RKO General, Inc.* (1975) 15 Cal.3d 40, 46 [123 Cal.Rptr. 468, 539 P.2d 36].) A police officer is not insulated from the basic duties owed everyone. (*Williams* v. *State of California, supra,* 34 Cal.3d at p. 24, fn. 3, citing *Warren* v. *District of Columbia* (D.C.App. 1981) 444 A.2d 1, 4-9.) A duty may be based on the "general character" of the activity engaged in by the defendant. (*J'Aire Corp.* v. *Gregory* (1979) 24 Cal.3d 799, 803 [157 Cal.Rptr. 407, 598 P.2d 60].)

In determining whether a duty of due care exists in a particular case, the pertinent factors to consider include the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between defendant's acts and the harm suffered by plaintiff, the moral blame attached to the defendant's conduct, and the policy of preventing future harm. (*Sullivan* v. *City of Sacramento, supra,* 190 Cal.App.3d at p. 1075; *Rowland* v. *Christian* (1968) 69 Cal.2d 108, 113 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496].)

■ It is difficult to imagine an acceptable excuse for Hall's intentionally planting the vodka bottle alongside Harrison's body, or for keeping quiet about his conduct once the California Highway Patrol officers and news photographer arrived at the accident scene. Perhaps Hall hoped to communicate a message about the consequences of drinking and driving. If so, his methods apparently caused injury to innocent people. A trier of fact could find that it was foreseeable that harmful consequences could flow from this conduct.

The County argues that the peril which endangered Bastian was not Hall's planting of the vodka bottle or his failure to warn, but instead was the decision to publish the photograph and the public reaction to it. Thus, the County conveniently starts the chain of causation with the publication of the photograph. Facts relating to the issue of causation is a job properly left to the trier of fact. (*Maupin* v. *Widling* (1987) 192 Cal.App.3d 568, 572 [237 Cal.Rptr. 521].) We cannot say as a matter of law that Halls actions at the accident scene did not set in motion a chain of events which culminated in Bastian's asserted injuries.

Also unpersuasive is the County's argument that because no special relationship existed between Bastian and Hall, the complaint should be read as one alleging misrepresentation or concealment pursuant to Civil Code section 1710.[1] Hall's alleged negligent failure to warn is not pleaded as a matter of deceit, but as a purported breach of a duty owed Bastian. We have already stated that no special relationship need exist where the defendant created the peril which caused the plaintiff's injury. ■ Misrepresentation or concealment is commonly a distinct cause of action only where the relationship between the parties is financial or commercial. (See *Johnson* v. *State of California, supra,* 69 Cal.2d at p. 800; Prosser & Keeton, Torts (5th ed. 1984) § 105, p. 726.)

■ The County also points out that Bastian alleges he relied on the "custom, usage and practice" among law enforcement officers to maintain the accident scene in an undisturbed condition, but that he failed to plead this custom existed for the benefit of the press. Such custom is not intended to benefit the press or private plaintiffs in personal injury actions. (See *Williams* v. *State of California, supra,* 34 Cal.3d at p. 24, fn. 4.) The allegation is not fatal to Bastian's cause of action because Hall had a duty to

---

[1] Civil Code section 1710 in relevant part states:

"A deceit . . . is either:

" . . . . . . . . . . . . . . . .

"3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication . . . ."

warn. Nor is the allegation of the custom irrelevant to the cause of action. Such facts might go to the question of Bastian's own reasonableness in publishing the photograph.

The allegations in a complaint must be construed liberally with a view to substantial justice between the parties. (Code Civ. Proc., § 452; 1 Cal. Civil Procedure Before Trial (Cont.Ed.Bar 1977) § 9.43, p. 378.) If there is "a reasonable possibility that a defect in the complaint can be cured by amendment or that the pleading liberally construed can state a cause of action, a demurrer should not be sustained without leave to amend. [Citations.]" (*Minsky* v. *City of Los Angeles* (1974) 11 Cal.3d 113, 118 [113 Cal.Rptr. 102, 520 P.2d 726].)

### 3) IMMUNITY

Finally, we hold that the trial court erred in finding that Hall and the County are immunized from liability by Government Code sections 818.8 and 822.2. The demurrer to the second cause of action is sustained, however, for failing to state a cause of action.

The second cause of action alleged that Hall "wilfully and deliberately" placed the bottle alongside the body, that he intended to "[misrepresent] the truth" of the accident scene for the purpose of injuring Bastian, and that Hall is guilty of oppression, fraud and malice.

Without objection by Bastian, the trial court interpreted this cause of action as one for intentional fraud, but found the pleading deficient for not alleging intentional concealment. The court found that Government Code sections 818.8 and 822.2 immunized Hall and the County from liability.

Government Code sections 818.8 and 822.2 grant immunity to public employees and to public entities for liability for injuries caused by misrepresentations by the employee. The court sustained the demurrer to the second cause of action with leave to amend so that Bastian may allege actual fraud, corruption, or malice so as to fall within the exception to the Government Code section 822.2 immunity.[2]

---

[2] Government Code section 818.8 is broader than section 822.2. Section 818.8 states that "[a] public entity is not liable for an injury caused by misrepresentation . . . of the public entity, whether or not such misrepresentation be negligent or intentional."

Government Code section 822.2 states that "[a] public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such

Section 818.8 immunizes the County from liability for misrepresentation or deceit, a "tort distinct from the general milieu of negligent and intentional wrongs, [and which] applies to interferences with financial or commercial interest." (*Johnson* v. *State of California, supra,* 69 Cal.2d at p. 800; Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 2.78, pp. 166-169.) Government Code section 822.2 is a counterpart to section 818.8 (see legis. committee com. to Gov. Code, § 818.8, West's Ann. Gov. Code (1980) p. 220, Deering's Ann. Gov. Code (1982) p. 174) and the restriction pronounced in *Johnson* applies to it as well. These immunities therefore do not protect Hall or the County from the first cause of action for negligence.

In using the term "misrepresentation" in the second cause of action, Bastian may have attempted to plead an intentional wrong. He did not, however, intend to allege an interference with a financial or commercial interest. Thus Government Code sections 818.8 and 822.2 do not apply here.

Yet the trial court's confusion over the second cause of action was reasonable. It is unclear precisely what cause of action Bastian intended to plead. On appeal, Bastian claims that the second cause of action is an alternative to the negligence action, alleging Hall's conduct was deliberate and wilful.

 Three elements are necessary for a cause of action for wilful misconduct. These are knowledge of the peril, conscious failure to act to avoid the peril, and knowledge that injury is a probable, not merely a possible, result of the danger. (*Bains* v. *Western Pacific R.R. Co.* (1976) 56 Cal.App.3d 902, 905 [128 Cal.Rptr. 778]; see also *Ewing* v. *Cloverleaf Bowl* (1978) 20 Cal.3d 389, 402 [143 Cal.Rptr. 13, 572 P.2d 1155].)

A "probable" consequence is one more likely to follow its cause than not, or a danger from which harm is likely or probable to result. (*Bain* v. *Western Pacific R.R. Co., supra,* 56 Cal.App.3d at p. 907.) Here, Bastian alleges only that the harm which followed from Hall's conduct was at most foreseeable, not probable.

The second cause of action is therefore uncertain and ambiguous and fails to state a cause of action. (Code Civ. Proc., § 430.10, subds. (e) and (f).) It is

misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice."

at most a variation on the negligence theme stated in the first cause of action. The demurrer was properly sustained, even though on an incorrect ground. (*E.L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497, 511 [146 Cal.Rptr. 614, 579 P.2d 505].) ■■■ By declining to avail himself of leave to amend the second cause of action, Bastian must stand on his pleading, and if it is objectionable on any ground, the judgment of dismissal must be affirmed. (*Richard P.* v. *Vista Del Mar Child Care Service* (1980) 106 Cal.App.3d 860, 865 [165 Cal.Rptr. 370].)

## DISPOSITION

The judgment of dismissal as to the second cause of action is affirmed. Because we find that Bastian's allegations were sufficient to plead belated discovery and Hall's duty to warn, the judgment of dismissal of the first cause of action is reversed, with directions to the trial court to overrule the demurrer and to require the County to answer the complaint.

Respondents to bear costs on appeal.

Stone (S. J.), P. J., and Abbe, J., concurred.

Respondents' petition for review by the Supreme Court was denied June 2, 1988.