990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ARCIERO & SONS, INC., a California corporation, Plaintiff-Appellant,
v.
SHELL WESTERN E & P, INC., a Delaware corporation, Defendant-Appellee.
 No. 91-56193.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 1, 1993.
Decided March 18, 1993.
 
 Before HUG, FERGUSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arciero and Sons, Inc. ("Arciero"), a California developer, appeals from the district court's directed verdict in favor of Shell Western E & P, Inc. ("SWEPI"), in Arciero's action alleging that SWEPI breached a purchase and sale agreement. The issues in this case arise from an express condition in the agreement requiring approval of the transaction by SWEPI's Board of Directors ("Board") in accordance with SWEPI's governing documents. The Board disapproved the transaction. Arciero contends that the condition was waived because SWEPI breached the duties imposed by the implied covenant of good faith and fair dealing and by the cooperation clause of the contract. The directed verdicts on negligent misrepresentation, fraud, and specific performance are also subjects of this appeal.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 4
 The district court directed a verdict in favor of SWEPI on Arciero's breach of contract claim because SWEPI's Board of Directors failed to approve the transaction, and thus a condition precedent to the closing of the transaction was not met. Arciero contends that this was error because SWEPI's conduct caused the failure of the condition.
 
 
 5
 We review the granting of a directed verdict de novo. A directed verdict is appropriate only when, viewing the evidence in the light most favorable to the nonmoving party, the evidence permits only one reasonable conclusion and is insufficient to support any other finding. Borunda v. Richmond, 885 F.2d 1384, 1390-91 (9th Cir.1988).
 
 
 6
 First, Arciero argues that SWEPI breached the implied covenant of good faith and fair dealing and the cooperation clause of the contract when SWEPI's managers recommended that the Board disapprove the sale. Arciero presented evidence showing that the managers obtained and relied upon an allegedly inaccurate appraisal and withheld important information from board members, who made no further inquiry. Arciero concludes that these acts caused or materially contributed to the failure of the condition of board approval, and that SWEPI must now prove to a jury that the Board would have disapproved the sale even if the wrongful conduct had not occurred.
 
 
 7
 We disagree. Paragraph 11(d) of the contract clearly provided that the transaction had to be approved by the SWEPI Board of Directors. The contract did not specify a date by which the Board had to approve the contract. Arciero had objected to the Board approval clause when negotiating the contract, but SWEPI had refused to delete the clause. By signing the agreement, Arciero understood that the Board retained the discretion to approve or reject the contract.
 
 
 8
 The covenant of good faith and fair dealing implied in every contract "imposes upon the parties an obligation to do everything that the contract presupposes they will do to accomplish its purpose." Jacobs v. Freeman, 163 Cal.Rptr. 680, 686 (Cal.Ct.App.1980) ("Jacobs I "). The implied covenant and the cooperation clause required SWEPI to submit the sale to the Board for approval, but did not require the administrators of SWEPI to recommend approval. See Jacobs I, 163 Cal.Rptr. at 686-87 (the promise to recommend approval in Jacobs was evidenced by a form signed by one agent of the seller recommending approval).
 
 
 9
 The cooperation clause required SWEPI to take "all such actions as may be necessary" to close the transaction. However, the key to this case is that the board had the ultimate authority to approve or reject the contract quite apart from any duty on the part of SWEPI to take steps to close the transaction.
 
 
 10
 Arciero relies on Green v. Linn, 26 Cal.Rptr. 889 (Cal.Ct.App.1962), where the seller withdrew his support of the buyer's petition for court approval, and the court held that the buyer was entitled to a trial on the question of whether the seller's conduct caused the failure of the condition. Green involved approval by a third party, not approval by the seller itself, as in this case.
 
 
 11
 Viewing the evidence in the light most favorable to Arciero and drawing all inferences in favor of Arciero, we conclude that even if the administrators of SWEPI failed to make an affirmative recommendation or to properly advise the Board, the Board's ultimate authority to approve or disapprove the transaction was not restricted by the contract. It was the board that was to exercise its business judgment on behalf of SWEPI.[1]
 
 II.
 
 12
 Arciero also contends that the evidence raises jury questions about actionable misrepresentation or nondisclosure, Arciero's reliance, and the resulting damages.
 
 
 13
 Fraud requires a negligent or intentional misrepresentation of a material fact. A failure to disclose a fact that materially qualifies other statements one has made is an actionable misrepresentation. Jacobs I, 163 Cal.Rptr. at 688. Fraudulent representations must concern existing material facts. Predictions of future events are ordinarily considered non-actionable expressions of opinion. Richard P. v. Vista Del Mar Child Care Serv., 165 Cal.Rptr. 370, 372 (Cal.Ct.App.1980). However, "[w]hen the speaker has knowledge of facts not warranting the opinion, or the opinion reasonably tends to induce the other party to consider and rely on the representation as a fact," the speaker may be liable for fraud. Id. at 373.
 
 
 14
 Arciero's claim is based upon statements made by Bruce Kerr, SWEPI's negotiator, who told the Arcieros that board approval was routine and that they had a deal. Arciero contends that Kerr's statements created a duty on the part of SWEPI to make further disclosure and to avoid misleading Arciero. See Jacobs I, 163 Cal.Rptr. at 688 (where the seller's agents did not disclose that the contract had to be approved by a member of the board before it could be submitted to the board in full, the court reversed, holding that the failure to disclose that qualifying fact constituted sufficient evidence for a jury question).
 
 
 15
 Any reliance on Kerr's statements was not justified. Kerr had no authority to bind SWEPI. Further, Arciero was represented by counsel who reviewed the purchase agreement and had sought to modify the board approval clause. The misrepresented facts must also be material and cannot include matters that could have been provided for in the contract but were not. See Nounnan v. Sutter Co. Land Co., 22 P. 515 (Cal.1889). Because Arciero could have negotiated a specific time by which SWEPI's board approval had to occur, the failure to disclose the timing of board consideration was not material. Finally, Arciero did not show that it had suffered damage from its reliance. Frank Arciero, Jr., testified that his company was reimbursed for the money it had spent in connection with development of the SWEPI property.
 
 
 16
 We conclude that the district court properly directed a verdict in favor of SWEPI on each cause of action. The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that the business judgment rule does not affect the corporation's obligations to Arciero. The business judgment rule exists to protect corporate directors from liability only to parties to whom the directors owe a fiduciary obligation. See Francis T. v. Village Green Owners Ass'n, 723 P.2d 573, 582 (Cal.1986) (in bank). See also Cal.Corp.Code § 309, Legislative Committee Comment (West 1990). Arciero is suing the corporation itself, not the individual directors. The business judgment rule does not apply