Filed 12/31/24  Zhao v. Global Valley CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ZIDAN ZHAO et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>GLOBAL VALLEY, LLC et al.,<br><br>    Defendants and Respondents. | B327953<br><br>(Los Angeles County Super. Ct. No. 21STCV37440) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge.  Affirmed.

Gonzalez & Gonzalez Law, Rosendo Gonzalez, and Zachary I. Gonzalez for Plaintiffs and Appellants.

Wright Kim Douglas, J. Andrew Douglas, and David M. Kim; Lewis Brisbois Bisgaard & Smith and Caroline E. Chan for Defendants and Respondents.

Plaintiffs Zidan Zhao (Zidan) and East Asia Investment Group, Inc. (East Asia) appeal from a judgment of dismissal that the trial court entered after sustaining a demurrer on statute of limitations grounds to their operative complaint. We consider whether, as plaintiffs contend, the complaint and its attachments suffice to establish their causes of action are timely under the "discovery rule," which "'postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action.'" (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1192.)

## I. BACKGROUND

### A. *Facts Alleged in the Complaint and the Attachments Thereto*[1]

In broad strokes, the operative complaint Zidan filed against Global Valley, LLC and its manager David Kuo alleges eleven primarily contract and fraud-related causes of action arising out of investments in Global Valley (and in another limited liability company named Pacific Covina, LLC) made by Zidan's late father Xue "Gary" Zhao (Gary). More specifically, Global Valley purchased three parcels in San Gabriel where it operated a Crowne Plaza hotel. In 2009, Gary collected $2,250,000 in wire transfers from family members and others in

---

[1]   "Because this case is before us after the trial court sustained defendant's demurrer without leave to amend, we take the facts as stated in the operative complaint and its attachments to be true." (*Williams & Fickett v. County of Fresno* (2017) 2 Cal.5th 1258, 1265.) We do not, however, assume the truth of contentions, deductions, or conclusions of law. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)

2

China and invested that sum in Global Valley.  Gary used his niece Weijing "Jessie" Zhao as an intermediary to make the investment in Global Valley, and that investment was ultimately held by East Asia, Gary's corporation.

In April and May of 2015, according to the operative complaint, "Gary repeatedly asked Kuo for an accounting and explanation as to the funds and balance of the accounts in relation to Global Valley," but "Kuo failed to provide the requested information and documentation."  On or about May 26, 2015, Global Valley sold the Crowne Plaza hotel for $25,000,000.  Although Kuo and members of his family were paid significant distributions following the sale of the hotel property, neither Gary nor Jessie "ever received any money, payment or distribution from Global Valley."[2]

The operative complaint (and some of its attachments) also describe two lawsuits involving many of the same parties that were litigated in 2015 and 2016.  First, in October of 2015, Jessie (Gary's niece) sued Kuo and Global Valley for breach of fiduciary duty and other claims contending she (as the nominal investor in Global Valley via East Asia) was wrongfully deprived of her share of the proceeds from the Crowne Plaza sale.  Zidan "participated and testified" in the action.  Second, on February 29, 2016, an attorney for Global Valley filed an interpleader action to determine ownership of $750,000 in proceeds from the Crowne Plaza hotel property sale.  The interpleader action named Jessie, East Asia, and Gary's ex-wife Jennifer Tan (Tan) as potential claimants, and Zidan again "participated and testified" in the

---

[2]     Gary was killed five days after the sale of the hotel property.

3

action. In May 2016, the court in the interpleader action entered judgment awarding the disputed hotel sale funds to Tan based on a marital settlement agreement whereby Gary had transferred a portion of East Asia's interest in Global Valley to Tan.

Following entry of judgment in the interpleader action, Kuo and Global Valley moved for summary judgment in Jessie's lawsuit, arguing that the interpleader judgment determined Jessie had no interest in Global Valley. According to the operative complaint in this case, at a December 2019 hearing, the court granted summary judgment for Global Valley and Kuo based on its finding that Gary (or East Asia), not Jessie, had the ownership interest in Global Valley. The operative complaint further asserts that it was not until this December 2019 ruling that Zidan "learned and became aware of the factual basis to possibly assert claims and causes of action against Kuo and Global Valley." Prior to that time, Zidan believed Jessie was the one who held an ownership interest in Global Valley.[3]

### B. *Procedural History of This Lawsuit*

Zidan—individually, as an officer of East Asia, and as personal representative of his father Gary's estate—filed the original complaint in this action on October 12, 2021. Global Valley and Kuo demurred to the complaint, and the trial court sustained the demurrer with leave to amend. The court found all of the causes of action were time-barred on the face of the

---

[3] The complaint concedes Zidan "eventually learned that there was apparently some disagreement, dispute or concern with respect to Jessie's asserted investment in Global Valley" after the end of May 2015, but it does not specify when, precisely, Zidan learned of this disagreement.

complaint because the longest applicable statute of limitations was four years and the complaint was filed roughly six years after the wrongs alleged. The court concluded there was no basis to find the complaint timely under the discovery rule because plaintiffs had not pled "specific facts showing either 'the time and manner of discovery,' or [Zidan's] 'inability to have made earlier discovery despite reasonable diligence.'" The court, however, gave Zidan leave to amend to attempt to address the deficiency.

Zidan subsequently filed the operative complaint on April 15, 2022. It adds allegations, some of which we have already discussed, intended to address the statute of limitations problem identified by the trial court.[4] The operative complaint retains the allegations concerning the lawsuit Jessie filed in 2015 and the interpleader action Global Valley filed in 2016.

Kuo and Global Valley demurred to the operative complaint and argued the amended allegations did nothing to ameliorate the previously identified statute of limitations problem with all of

---

[4] It asserts, for instance, that prior to the December 2019 summary judgment ruling in the lawsuit filed by Jessie, Zidan "did not know or suspect, and had no reason to know or suspect, that (i) Gary was the one that actually contributed funds to Global Valley, (ii) Gary was actually the holder of fifty percent interest in Global Valley, and/or (iii) there was any impropriety or wrongful conduct that would require the assertion of causes of action or claims by Gary regarding Kuo's and Global Valley's conduct." The complaint also alleges that at no time prior to his death "did Gary discuss with and/or tell, inform or disclose to [Zidan] that there was any specific impropriety or wrongdoing by Kuo and Global Valley."

5

the causes of action.[5]  Kuo and Global Valley cited authority holding the discovery rule is triggered when a reasonable plaintiff would have a suspicion of wrongdoing, not full knowledge of all facts necessary to establish a claim, and explained the action was time-barred because such a suspicion would have arisen long before the period provided by the longest statute of limitations for the claims in the operative complaint.

After an unreported hearing, the trial court sustained defendants' demurrers without leave to amend.  A minute order issued in connection with the hearing is terse: it mentions a "spoken tentative ruling" was given, the matter was argued, the demurrer was sustained without leave to amend, and defendants' "spoken request to dismiss is granted."  A signed order of dismissal was entered that same day.

## II.  DISCUSSION

Our review is de novo (*Hilliard v. Harbour* (2017) 12 Cal.App.5th 1006, 1010), and we hold the trial court correctly concluded this action is time-barred.  Plaintiffs do not dispute that the lawsuit, filed more than six years after the sale of the Crowne Plaza hotel property, could be timely only if the discovery rule applies.  Relying on the operative complaint itself and its attachments (we need not rely on materials Global Valley and Kuo asked the trial court to judicially notice), the discovery rule does not apply.  Plaintiffs were indisputably aware of facts,

---

[5]  Kuo and Global Valley also argued issue preclusion barred all the claims in the amended complaint, which amounted to an attempt to relitigate issues resolved by the prior interpleader action and Jessie's unsuccessful lawsuit against Kuo and Global Valley.

6

perhaps as early as April 2015 (when Gary's requests to inspect Global Valley's books and records were denied) and certainly as of February 2016 (when Global Valley filed the interpleader action naming East Asia and others), that would have put a reasonable person on notice of the need to "go find the facts" rather than "wait for the facts to find [him or] her." (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1111.)

"Under the statute of limitations, a plaintiff must bring a cause of action within the limitations period applicable thereto after accrual of the cause of action. [Citations.]" (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397.) The longest potentially applicable statute of limitations for the causes of action asserted in the operative complaint is four years. (Code Civ. Proc., §§ 337, 343.) At the very latest, then, plaintiffs would ordinarily have been required to file suit in or about June 2019 (four years after the sale of the hotel and payment of proceeds) for at least some claim in the lawsuit to be timely. That, of course, did not happen; this action was not filed until two years after that, in October 2021.

We reject plaintiffs' attempt to rely on the discovery rule to claim the relevant triggering date for statute of limitations purposes is December 2019. Plaintiffs choose that time because they believe "[t]he December 2019 Ruling [granting Kuo's motion for summary judgment in Tan's lawsuit] was the first time that [plaintiffs] became aware of the factual basis to possibly assert claims and causes of action against Kuo and Global Valley."[6]

---

[6] We are not bound to accept bare contentions and conclusions of law in the operative complaint about the relevant date for statute of limitations purposes. (*Serrano v. Priest* (1971) 5 Cal.3d 584, 591; 5 Witkin, California Procedure (6th ed. 2021),

7

That, however, is not the pertinent time for discovery rule purposes because "[i]t is not the law that accrual of a cause of action depends upon the existence, as a matter of fact, of a winning claim. Accrual does not wait 'until a plaintiff is in a position to present evidence which will (regardless of what evidence the defense musters) establish facts which make liability a legal certainty.' [Citation.]" (*Cypress Semiconductor Corp. v. Superior Court* (2008) 163 Cal.App.4th 575, 585; accord, *Jolly, supra,* 44 Cal.3d at 1111 ["A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery"].) The showing required to invoke the discovery rule is one of diligence in attempting to learn facts, not success in obtaining those facts, and the statute begins to run "'when the plaintiff has notice or information of circumstances to put a reasonable person *on inquiry*, or *has the opportunity to obtain knowledge* from sources open to his investigation.'" (*Sanchez v. South Hoover Hospital* (1976) 18 Cal.3d 93, 101.)

The operative complaint and its attachments reveal a reasonable person, and indeed, Zidan himself, would have been on inquiry regarding Gary's potential claims against defendants no later than 2016—more than four years before plaintiffs filed this lawsuit. Plaintiffs' operative complaint admits that shortly before the Crowne Plaza hotel property sale closed in May 2015, Gary repeatedly asked Kuo for an accounting and explanation as

---

Pleading § 927 at p. 330 ["Formal averments or general conclusions to the effect that the facts were not discovered until a stated date, and that the plaintiff could not have made an earlier discovery, are useless"].)

8

to the funds and balance of Global Valley's accounts and "it is . . . [plaintiff's] understanding that Kuo failed to provide the requested information and documentation." This refusal of Gary's requests, coming when they did, would have alone aroused the requisite suspicion in our view, but there is more. The mere filing of the interpleader action in February 2016 would put a reasonable person on inquiry. (See generally *City of Morgan Hill v. Brown* (1999) 71 Cal.App.4th 1114, 1122 ["When a person may be subject to conflicting claims for money or property, the person may bring an interpleader action to compel the claimants to litigate their claims among themselves. (Code Civ. Proc., § 386, subd. (b).) Once the person admits liability and deposits the money with the court, he or she is discharged from liability and freed from the obligation of participating in the litigation between the claimants"].) East Asia was named as a potential claimant in that suit, Zidan admits he was aware of the action (indeed, he participated in it and testified), and the question to be determined in that action was who was entitled to receive part of the profits of the Crowne Plaza hotel property sale. Moreover, beyond the mere filing of the interpleader, Zidan admits in paragraph 94 of the operative complaint that he was specifically "aware of Kuo's contentions and testimony in the various cases [i.e., Jessie's 2015 lawsuit and the 2016 interpleader action] that Gary was somehow the owner of the fifty percent interest in Global Valley" but did not believe Kuo because he thought Kuo lacked credibility. Regardless of Zidan's views about Kuo's credibility, this awareness of an ostensible adversary's position (and a seemingly favorable one at that) would have put any reasonable person "on inquiry" to investigate the accuracy of that

9

position.[7] (See, e.g., *Grisham v. Philip Morris USA, Inc.* (2007) 40 Cal.4th 723, 745 ["A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence"].)

The trial court was therefore correct to sustain defendants' demurrer. There being no argument that further leave to amend should have been granted, we need not address that issue.

---

[7] Confronted with these allegations in the operative complaint itself that defeat application of the discovery rule, plaintiffs chiefly rely on *Bastian v. County of San Luis Obispo* (1988) 199 Cal.App.3d 520, a case that holds a plaintiff's "cause of action is preserved when, despite diligent investigation, he is blamelessly ignorant of the cause of his injuries." (*Id.* at 529.) The circumstances here are dissimilar to those in *Bastian* because plaintiffs allege no facts showing they diligently investigated their claims.

10

DISPOSITION

The judgment is affirmed.  Defendants are awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.


We concur:



MOOR, J.



KIM (D.), J.