[No. H006997. Sixth Dist. Dec. 30, 1991.]

CEIL TARMANN, Plaintiff and Appellant, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant and Respondent.

**COUNSEL**

Harry Delizonna for Plaintiff and Appellant.

Ropers, Majeski, Kohn, Bentley, Wagner & Kane, Daniel R. Kirwan and Mark Bonino for Defendant and Respondent.

OPINION

## CAPACCIOLI, Acting P. J.—

### Statement of the Case

Plaintiff Ceil Tarmann appeals from a judgment entered after the trial court sustained without leave to amend defendant State Farm Mutual Automobile Insurance Company's (State Farm) demurrer to Tarmann's fifth amended complaint. She claims her complaint sufficiently pled causes of action for fraud and negligent misrepresentation. We disagree and affirm the judgment.

### Standard of Review

■ "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] ■ When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

### Facts Alleged in the Fifth Amended Complaint

On September 22, 1985, Tarmann was involved in an auto accident with Andy Roselada, a State Farm insured. Roselada's liability was reasonably clear. Tarmann obtained an estimate of $3,200 to repair her vehicle, and State Farm authorized the estimate.

In particular, State Farm represented to her that she was authorized to have her vehicle repaired at Capitol Ford, Inc., of Almaden, that their obligation to indemnify her for her damages was reasonably clear, and that it "would pay Plaintiff for all such repairs . . . immediately upon completion of those repairs." These representations were made by persons whose names were "unknown to Plaintiff but [who] were adjustors and/or claims supervisors/managers" employed by State Farm and acting as its agents. The

representations, however, "were and are false and [State Farm] knew or should have known them to be false at the time they were made." The true facts were that State Farm "had no intention to reasonably and in good faith effectuate a prompt and reasonable processing, evaluation, investigation and settlement of Plaintiff's claim, nor pay the complete repair of Plaintiff's vehicle."

State Farm's representations were intended to induce Tarmann's reliance so that she would bring her vehicle in for repairs and delay filing an action for damages. Tarmann relied on the representations and brought her vehicle to be repaired. However, State Farm refused to pay for the repairs or indemnify her. Because Tarmann lacked the funds to complete the repairs or obtain the release of her vehicle, she was left without its use for an extended period of time.

Tarmann hired an attorney, who filed an action against Roselada. In September 1986, State Farm settled her claim for $3,476.47. She then initiated this action.

### DISCUSSION

#### *The Cause of Action for Fraud*

■ "Every element of the cause of action for fraud must be alleged in the proper manner and the facts constituting the fraud must be alleged with sufficient specificity to allow defendant to understand fully the nature of the charge made." (*Roberts* v. *Ball, Hunt, Hart, Brown & Baerwitz* (1976) 57 Cal.App.3d 104, 109 [128 Cal.Rptr. 901]; *Committee on Children's Television, Inc.* v. *General Foods Corp.* (1983) 35 Cal.3d 197, 216-217 [197 Cal.Rptr. 783, 673 P.2d 660]; *Stansfield* v. *Starkey* (1990) 220 Cal.App.3d 59, 73 [269 Cal.Rptr. 337].

The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. (*Archuleta* v. *Grand Lodge etc. of Machinists* (1968) 262 Cal.App.2d 202, 208-209 [68 Cal.Rptr. 694]; *Gautier* v. *General Telephone Co.* (1965) 234 Cal.App.2d 302, 308 [44 Cal.Rptr. 404]; *Mason* v. *Drug, Inc.* (1939) 31 Cal.App.2d 697, 703 [88 P.2d 929]; *Sanders* v. *Ford Motor Co.* (1979) 96 Cal.App.3d Supp. 43, 46 [158 Cal.Rptr. 656]; see Grossman & Van Alstyne, California Practice (2d ed. 1976) § 984, pp. 111-114.)

Here, Tarmann generally alleged that the persons were "authorized agents of State Farm . . . cloaked with such authority" and were "adjustors and/or

claims supervisors/managers[.]" However, she specifically alleged she did not know their names.[1]

We acknowledge that the requirement of specificity is relaxed when the allegations indicate that "the defendant must necessarily possess full information concerning the facts of the controversy" (*Bradley* v. *Hartford Acc. & Indem. Co.* (1973) 30 Cal.App.3d 818, 825 [106 Cal.Rptr. 718], disapproved on another ground in *Silberg* v. *Anderson* (1990) 50 Cal.3d 205, 212-213 [266 Cal.Rptr. 638, 786 P.2d 365]) or "when the facts lie more in the knowledge of the opposite party[.]" (*Turner* v. *Milstein* (1951) 103 Cal.App.2d 651, 658 [230 P.2d 25].) However, we consider this exception inapplicable here, for State Farm has no more reason to know who made the allegedly false representations to Tarmann than Tarmann.

Under the circumstances, the court properly sustained the demurrer to the fraud claim without leave to amend.

### The Cause of Action for Negligent Misrepresentation

■ To be actionable, a negligent misrepresentation must ordinarily be as to past or existing material facts. "[P]redictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud." (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 678, pp. 779-780; *Richard P.* v. *Vista Del Mar Child Care Service* (1980) 106 Cal.App.3d 860, 865 [165 Cal.Rptr. 370].)

■ Here, the gist of both Tarmann's fraud and negligent misrepresentation claims is that State Farm said it *would* pay for her repairs *immediately upon their completion*, it failed to do so, Tarmann could not complete the repairs or redeem her vehicle, and she lost the use of it until State Farm settled the case.

The critical alleged misrepresentation as to immediate payment upon completion did not involve a past or existing material fact. Rather, it involved a promise to perform at some future time.

■ Certain broken promises of future conduct may, however, be actionable. Civil Code section 1710, subdivision (4) defines one type of deceit as "A promise, made without any intention of performing it." As Witkin explains, "A false promise is actionable on the theory that a promise implies an intention to perform, that *intention to perform or not to perform* is a state

---

[1]We note that in her original complaint under the Insurance Code, Tarmann specifically alleged the names of State Farm agents who initially authorized her $3,200 estimate.

of mind, and that misrepresentation of such a state of mind is a misrepresentation of *fact*. The allegation of a *promise* (which implies a representation of intention to perform) is the equivalent of the ordinary allegation of a representation of fact." (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 670, p. 120, italics in original.)

To maintain an action for deceit based on a false promise, one must specifically allege and prove, among other things, that the promisor did not intend to perform at the time he or she made the promise and that it was intended to deceive or induce the promisee to do or not do a particular thing. (*Hills Trans. Co.* v. *Southwest Forest Industries, Inc.* (1966) 266 Cal.App.2d 702, 708 [72 Cal.Rptr. 441]; *Regus* v. *Schartkoff* (1957) 156 Cal.App.2d 382, 389 [319 P.2d 721].) ■ Given this requirement, an action based on a false promise is simply a type of *intentional* misrepresentation, i.e., actual fraud.[2] The specific intent requirement also precludes pleading a false promise claim as a negligent misrepresentation, i.e., "The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true." (Civ. Code, § 1710, subd. (2).) ■ Simply put, making a promise with an honest but unreasonable intent to perform is wholly different from making one with no intent to perform and, therefore, does not constitute a false promise. Moreover, we decline to establish a new type of actionable deceit: the negligent false promise.

■ In light of our discussion, the trial court properly sustained the demurrer to Tarmann's cause of action for negligent misrepresentation.

### Conclusion and Disposition

■ "It is the correctness of the trial court's action in sustaining a demurrer, not its reasons, which is reviewable. [Citation.] The burden is upon appellant to demonstrate that the action of the trial court was an abuse of discretion. [Citation.]" (*Stansfield* v. *Starkey, supra,* 220 Cal.App.3d at p. 72.)

Since the trial court's rejection of Tarmann's fraud and negligent misrepresentation claims was correct and Tarmann neither argues nor suggests that her complaint states a cause of action under any other legal theory, she has not met her burden of proving the trial court abused its discretion in sustaining State Farm's demurrer to her fifth amended complaint without leave to amend.

---

[2] If we assume Tarmann's fraud cause of action alleges a promise and an actual contemporaneous intent not to perform it, her failure to name the actual promisor would still be a fatal defect.

The judgment is affirmed.

Premo, J., and Cottle, J., concurred.