P. Paul STORRER, Plaintiff— Appellant,

v.

The PAUL REVERE LIFE INSURANCE COMPANY, a Massachusetts corporation, Defendant—Appellee.

No. 05–15336.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2006.

Filed Feb. 5, 2007.

Montie S. Day, Esq., Day Law Offices, Shoshone, ID, for Plaintiff–Appellant.

Laura E. Fannon, Esq., Kelly, Herlihy & Bane, Thomas M. Herlihy, Esq., Kelly Herlihy & Klein, LLP, San Francisco, CA, for Defendant–Appellee.

Before: NOONAN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM *

Plaintiff P. Paul Storrer ("Storrer") appeals from the district court's grant of summary judgment to Paul Revere Life Insurance Company ("Revere") on his extra-contractual claims. We hold that Storrer has alleged facts sufficient to defeat Revere's "genuine dispute" defense to Storrer's bad faith claim and reverse the district court's grant of summary judgment. However, with respect to Storrer's other extra-contractual claims, the district court is affirmed.

A grant of summary judgment is reviewed *de novo*. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004). Because

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Storrer fails to allege any false statements of material fact with specificity, his fraud and deceit claim fails and the district court's grant of summary judgment to Revere on this claim is affirmed. *See Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991). Storrer also fails to present any evidence that Revere's conduct was sufficiently extreme and outrageous to state a cause of action for intentional infliction of emotional distress ("IIED"). *See Wilkins v. Nat'l Broad. Co.*, 71 Cal.App.4th 1066, 1087, 84 Cal.Rptr.2d 329 (1999). Accordingly, Storrer's IIED claim fails and the district court's grant of summary judgment to Revere on this claim is affirmed.

Under California law, a plaintiff alleging a breach of the covenant of good faith and fair dealing must prove that his insurer withheld his benefits under the policy and that the reason for withholding them was "unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir.2001). A bad faith claim "can be dismissed on summary judgment if the defendant can show that there was a genuine dispute as to coverage." *Id.*

Here, the bad faith claim is limited to the period following October 1994, when Storrer's benefits were first withheld. The district court found that Storrer's failure to provide adequate consent to the disclosure of medical information justified Revere's dilatory investigation and eventual denial of his claim. We disagree. Taking the facts in the light most favorable to Storrer, he provided adequate consent to Revere at least twice. Both authorizations were provided on Revere's forms.

■ Storrer's reluctance to allow Revere to use Equifax to process his medical records was reasonable and provided inadequate grounds on which to invoke the genuine dispute doctrine. Revere could have gotten Storrer's records from his doctors or arranged in good faith for alternate means of transmission.

There is nothing in Revere's policy that predicates coverage on the use of its particular forms or its chosen third-party document processor.[1] Accordingly, Revere's denial of Storrer's claims on these bases was unreasonable and did not constitute a genuine dispute, and summary judgment was improperly granted. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1010 (9th Cir.2004).

■ However, we reject Storrer's argument that Revere made a "judicial admission" that it had no "knowledge or information" about parts of Storrer's claim and therefore admitted that it failed to conduct an adequate investigation. Revere made no admission that it failed to conduct an investigation, and the facts to which this supposed admission applies do not concern the underlying denial of coverage.

■ We also reject Storrer's argument that evidence of Revere's post-litigation behavior should be admissible to prove bad faith. The district court properly excluded this evidence.

■ Because our decision revives Storrer's bad faith claim, his punitive damages demand is no longer moot. Accordingly, we remand for the district court to determine in the first instance whether Storrer presents clear and convincing evidence that Revere's conduct was "oppressive, fraudulent, or malicious," warranting punitive damages. *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1164 (9th Cir.2002) (internal citations omitted).

---

1. In any event, Storrer's authorizations, provided on Revere forms in March and December 1993, specifically authorized disclosure to Revere's "agents" and "any consumer reporting agency," categories which would seemingly include Equifax.

In sum, we AFFIRM summary judgment in favor of Revere on Storrer's fraud and IIED claims, REVERSE summary judgment on Storrer's bad faith claim, and REMAND for a determination of Storrer's punitive damages claim.