Virgil ANDERSON; et al.,
Plaintiffs–Appellees,

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY, Defendant–Appellant.**

No. 05–15869.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2007.

Filed Feb. 20, 2007.

---

Richard C. Crossman, Esq., Parichan, Renberg, Crossman & Harvey, David Douglas Doyle, Doyle & Watson, Fresno, CA, for Plaintiffs–Appellees.

Paul R. Garry, Esq., Julie L. Trester, Esq., Meckler Bulger & Tilson, Chicago, IL, Michael J. Christian, Jackson Lewis LLP, Sacramento, CA, for Defendant–Appellant.

Before: REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Lumbermens Mutual appeals the judgment entered in favor of Karl Johnson,

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Virgil Anderson, and Nancy Venner (collectively, "Anderson") following a bench trial. We affirm.

## I

The district court's conclusions that Lumbermens made misrepresentations about agricultural business and the network of brokers do not resurrect the suppression claim. To the extent that its further conclusions that Chase knew or should have known information that he did not relate indicate why the representations were inaccurate, they buttress the primary conclusion. To the extent that they might also be read as relating to a failure to disclose claim, they are immaterial.

## II

The district court did not clearly err in light of *Rochlis v. Walt Disney Co.*, 19 Cal.App.4th 201, 23 Cal.Rptr.2d 793 (1993), given that it found that Anderson reasonably abandoned other avenues based on Lumbermens's representations and was worse off than he would have been had he not done so. We are not firmly convinced that the district court's finding of reasonable reliance was incorrect just because Anderson did not quit upon learning that the representations weren't true.

## III

The district court did not inappropriately apply a negligence standard based on Chase's actual statements. *Cf. Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 159, 2 Cal.Rptr.2d 861 (1991). Its findings were based on Chase's misrepresentation of Lumbermens's intent to perform the promises that Chase, as its agent, made at the time he made them. In turn, these findings were based on evidence that Lumbermens had guidelines and a plan for Superior National's business

in place that were contrary to what Chase represented when he talked to Anderson. Although Chase's testimony was otherwise, the district court was not obliged to credit it.

Although one or two of Chase's statements in isolation may have been too vague to support a claim for fraud or negligent misrepresentation, in total, including statements indicating that the company would put an agricultural group together, they were not. While evidence about the "Big Bang" and "turf war" could have gone in Lumbermens's favor, the district court could reasonably weigh the entirety of the evidence differently as there was, for example, evidence that Lumbermens intended to divert business in the Fresno office to its Overland Park processing center before it was even in the running for Superior National's renewal rights. There was also some support for finding that statements about MYND were false when made as it had no experience in and lacked understanding of the California workers' compensation market.

## IV

As Lumbermens recognizes, the district court relied on Anderson's testimony about the DeBuduo & DeFendis Managing General Agency. There is evidence, credited by the district judge, that Anderson had a viable opportunity which he let go. He was experienced in the industry, had a large book of existing business, and enjoyed close contacts with brokers in the area. Damage from foregoing a different opportunity in these circumstances is not so wholly speculative that we are obliged to undo the district court's assessment.

AFFIRMED.