Filed 8/22/14  Walker v. Citibank CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| RICKIE LYNN WALKER, | C072247 |
| Plaintiff and Appellant, | (Super. Ct. No. SCV0030536) |
| v. | |
| CITIBANK, N.A., as Trustee, etc., et al., | |
| Defendants and Respondents. | |

After plaintiff Rickie Lynn Walker defaulted on his home loan, he sought to halt foreclosure proceedings initiated by a substitute trustee, contending the notice of default was void since defendants lack standing to foreclose.  According to Walker, defendants are not the true beneficiaries under the deed of trust.  Walker filed suit against

1

defendants, alleging fraud, quiet title, and violation of Business and Professions Code section 17200, and seeking declaratory relief. The trial court sustained defendants' demurrer without leave to amend. Walker appeals, renewing the arguments he presented to the trial court. We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In his amended complaint, Walker describes the circumstances surrounding his loan as "tainted with Defendants' intentional and negligent conduct involving missteps in the assignment of the deed of trust; substitution of trustees, and transfer of the note. The lack of clarity as to who the actors are and when, if ever they obtained authority to act is a convoluted mystery." Walker alleges defendant Citibank, N.A. (Citibank), has no secured interest in the note because defendant Mortgage Electronic Registration Systems, Inc. (MERS), could not transfer any interest in the deed of trust to Citibank. According to Walker, "there still remains utter confusion as to who is entitled to 'enforce the note.' " With these allegations in mind, we review the facts underlying the loan transaction.

In November 2006 Walker took out a loan for $1,076,250.00 from Bayrock Mortgage Corporation (Bayrock) to purchase a residence. The loan was secured by a deed of trust listing defendant MERS as the beneficiary and Financial Title Co. as the trustee. Defendant EMC Mortgage LLC was the initial servicer of the loan. JPMorgan Chase Bank subsequently acquired the servicing rights to the loan. At the same time, Walker obtained a second loan from Bayrock in the amount of $287,000, secured by a second deed of trust on the property. Only the initial loan is at issue in the present case.

In May 2008 a notice of default was recorded and then rescinded. In June 2008 another notice of default was recorded.

In August 2008 MERS recorded a substitution of trustee, substituting Quality Loan Service Corporation (Quality) as trustee under the deed of trust. Subsequently, Walker defaulted on the loan and Quality recorded a notice of default in December 2009.

2

On March 5, 2010, MERS assigned its interest in the deed of trust to Citibank as trustee. The assignment was recorded on March 23, 2010.

In January 2010 Walker filed a voluntary petition for chapter 11 bankruptcy. Citibank as trustee filed a proof of claim in the bankruptcy action and Walker filed an objection. After Citibank failed to file written opposition to the objection, the bankruptcy court sustained the objection to the proof of claim and disallowed the claim in its entirety, "with leave for the owner of the promissory note to file a claim." The bankruptcy court reviewed Walker's allegations and determined MERS had no interest it could transfer to Citibank. The court concluded: "The true owner of the underlying promissory note needs to step forward to settle the cloud that has been created surrounding the relevant parties rights and interests under the trust deed. [¶] . . . [¶] The court disallowing the proof of claim does not alter or modify the trust deed or the fact that someone has an interest in the property which can be subject thereto."

Subsequently, Walker filed an adversary complaint to determine the validity of a lien in bankruptcy court, challenging Citibank's lien. Citibank filed a motion to dismiss the adversary complaint, and the court granted the motion without prejudice. Several weeks later, the bankruptcy court lifted the automatic stay that had been previously imposed. The order allows "Citibank, N.A., its agents, representatives, and successors, and [the] trustee under the trust deed . . . to exercise any and all rights arising under the promissory note, trust deed, and applicable nonbankruptcy law [including the right] to conduct a nonjudicial foreclosure sale and for the purchaser at any such sale [to] obtain possession of the . . . property . . . ." Walker received a discharge after the bankruptcy action was terminated.[1]

---

[1] We grant Citibank's July 30, 2013, request for judicial notice of the bankruptcy court's order of November 11, 2010.

Walker's initial complaint stated causes of action for declaratory relief and quiet title. The complaint sought to invoke the bankruptcy court's order to declare defendants' interest in the loan was void. The trial court sustained defendants' demurrer with leave to amend. According to the court, the bankruptcy court's order was not a final binding judgment and by its terms did not void defendants' interest in the loan or property.

Walker filed a first amended complaint for fraud, quiet title, violation of Business and Professions Code section 17200, and declaratory relief. In his recitation of the facts, Walker points to numerous numerical discrepancies in documents, alleges some were "robo signed," and disputes that any of the defendants have an interest in the loan or the property. He seeks a declaration that title to the property is vested in him alone and that none of the defendants has any interest in the property, the note, or the deed of trust. Walker's fraud cause of action focuses on alleged "robo signed" documents.

The defendants again filed a demurrer. The trial court sustained the demurrer without leave to amend. On the quiet title cause of action, the court found Walker failed to allege tender and that he lacked standing to bring a preemptive suit seeking a presale determination of defendants' ability to foreclose. On the fraud cause of action, the court found the complaint failed to allege facts with sufficient specificity as to Walker's reliance on or harm from the alleged misrepresentations. The court also found Walker failed to allege sufficient facts showing unfair or unlawful conduct by defendants in violation of Business and Professions Code section 17200.

Following entry of judgment, Walker filed a timely notice of appeal.

## DISCUSSION

### Standard of Review

The function of a demurrer is to test the sufficiency of the complaint by raising questions of law. We give the complaint a reasonable interpretation and read it as a whole with its parts considered in their context. A general demurrer admits the truth of all material factual allegations. We are not concerned with plaintiff's ability to prove the

4

allegations or with any possible difficulties in making such proof. We are not bound by the construction placed by the trial court on the pleadings; instead, we make our own independent judgment. (*Herman v. Los Angeles County Metropolitan Transportation Authority* (1999) 71 Cal.App.4th 819, 824.)

Where the trial court sustains a demurrer without leave to amend, we must decide whether there is a reasonable possibility the plaintiff can cure the defect with an amendment. If we find that an amendment could cure the defect, we must find the court abused its discretion and reverse. If not, the court has not abused its discretion. The plaintiff bears the burden of proving an amendment would cure the defect. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153 (*Gomes*).)

## Quiet Title

**Tender**

Walker acknowledges tender would be required if he were disputing language in a deed that is merely voidable. But according to Walker, the trustee's deed is void on its face, and thus, as articulated in *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 113, tender is not required because the cause of action is not purely equitable. We question whether this exception to tender applies but will assume, without deciding, that tender was not required. Walker's claims fail on multiple other grounds.

**Standing**

Numerous courts have found that homeowners do not have standing to challenge irregularities in the transfer of rights and obligations under assignments and substitutions. Indeed, California's nonjudicial foreclosure procedures do not provide for a judicial action to determine whether the person initiating the foreclosure process is authorized to do so. (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 82; *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 511 (*Jenkins*); *Gomes, supra,* 192 Cal.App.4th at p. 1155.)

The trial court found "the [first amended complaint] alleges that the defendants lack the authority to proceed with the foreclosure sale.  Plaintiff lacks standing to bring such a pre-emptive suit seeking a presale determination regarding the defendants' ability to initiate the foreclosure.  [Citations.]"  We agree.

Walker alleges defendants are not authorized to foreclose because MERS was not authorized to assign the beneficial interest in the loan or deed of trust.  Walker also argues that defendants have failed to demonstrate they are the holders of the note.

Numerous courts have rejected similar claims against MERS.  In *Gomes*, the court noted that " 'MERS is a private corporation that administers the MERS System, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans.  Through the MERS System, MERS becomes the mortgagee of record for participating members through assignment of the members' interests to MERS.  MERS is listed as the grantee in the official records maintained at county register of deeds offices.  The lenders retain the promissory notes, as well as the servicing rights to the mortgages.  The lenders can then sell these interests to investors without having to record the transaction in the public record.  MERS is compensated for its services through fees charged to participating MERS members.'  [Citation.]"  (*Gomes*, *supra*, 192 Cal.App.4th at p. 1151.)  The appellate court rejected the borrower's challenge to MERS's authority, concluding, "Because California's nonjudicial foreclosure statute is unambiguously silent on any right to bring the type of action identified by Gomes, there is no basis for the courts to create such a right."  (*Id.* at p. 1156.)

In *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, the homeowners alleged a defect in MERS's assignment of the deed of trust.  The homeowners did not claim misconduct in the foreclosing on the property and admitted they were in default.  The court rejected the challenge, reasoning:  " 'Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor.  As to plaintiff, an assignment merely substituted one

6

creditor for another, without changing her obligations under the note.' " (*Id.* at p. 1507, quoting *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272.)

The court in *Jenkins, supra,* 216 Cal.App.4th 497 reached a similar result, rejecting a homeowner's challenge to a foreclosure based on an improper transfer of the promissory note. The court found the homeowner's obligations under the note remained the same, even if subsequent assignments were invalid. The court reasoned: "California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure." (*Id.* at p. 511.)

Here, Walker admits he took out the subject loan in November 2006 and does not challenge the fact that the loan was in default. He does not allege that the assignments he challenges interfered with his ability to repay the loan. Moreover, the deed of trust states: "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." Walker's quiet title cause of action based upon alleged defects in the transfer of the note lacks merit and was properly dismissed without leave to amend.

## Fraud

Walker's cause of action for fraud centers on his allegations of the "robo signing" of various documents. Specifically, Walker contends a rescission of the notice of default, the notice of trustee's sale, the notice of default, and the substitution of trustee were all signed by individuals who have "been indentified [*sic*] and in some cases indicted as robo signers on thousands of official loan related documents." Walker claims these documents

7

are unenforceable and that defendants knowingly misrepresented these documents as in conformance with the nonjudicial foreclosure statutes.

The elements of fraud are a false representation of a material fact, knowledge of the falsity, intent to induce another to rely on the representation, reliance, and resulting damage. (*West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 782.) Each element of fraud must be alleged factually and specifically. (*Tarmann v. State Farm Mut. Auto Ins. Co.* (1991) 2 Cal.App.4th 153, 157.) To assert a cause of action for fraud against a corporation, a plaintiff must allege the name of the person who allegedly made the fraudulent representation, his or her authority to speak, to whom he or she spoke, what was said, and when it was said. (*Ibid*.) General or conclusory allegations will not suffice to plead a cause of action for fraud. (*West*, at p. 793.)

The trial court found Walker's allegations insufficient. The court determined the complaint fails to allege facts with sufficient specificity as to defendants and fails to allege specific facts as to Walker's reliance on the alleged misrepresentations or the harm he suffered.

We agree with the trial court's assessment. Walker failed to specify any false representations of a material fact made by defendants. Instead, Walker merely alleges some of the documents were "robo signed" but does not argue the documents contained misrepresentations. Nor does Walker sufficiently allege justifiable reliance on or any damages arising from the "robo signing."

Moreover, several courts have found that plaintiff homeowners lack standing to challenge the validity of "robo" signatures. In *Javaheri v. JPMorgan Chase Bank, N.A.* (C.D.Cal., Aug. 13, 2012, No. 2:10-cv-08185-ODW (FFMx)) 2012 U.S. Dist. Lexis 114510, the district court found, even assuming the substitution of trustee was robo signed, the plaintiff lacked standing to challenge the foreclosure based on the document. According to the court, "Javaheri was not a party to this assignment, and did not suffer any injury as a result of the assignment. Instead, the only injury Javaheri alleges is the

pending foreclosure on his home, which is the result of his default on his mortgage. The foreclosure would occur regardless of what entity was named as trustee, and so Javaheri suffered no injury as a result of this substitution." (*Id*. at p. *16.) A similar result was reached in *Carollo v. Vericrest Financial, Inc.* (N.D.Cal., Sept. 21, 2012, No. 11-CV-4767 YGR) 2012 U.S. Dist. Lexis 137017. Accordingly, Walker's fraud cause of action is without merit and was properly dismissed.

**Business and Professions Code Section 17200 and Declaratory Relief**

Finally, Walker contends he has adequately presented causes of action for violation of Business and Professions Code section 17200 and declaratory relief. The trial court disagreed, finding Walker's complaint failed to allege sufficient facts showing unfair, unlawful, or fraudulent conduct on the part of defendants. The court also found Walker's declaratory relief cause of action relied upon the other three causes of action, which lacked merit.

To allege a claim of unlawful business practices under Business and Professions Code section 17200, a plaintiff must allege facts that show the practice violated a specific underlying law. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180.) In addition, the plaintiff must allege a financial or property loss as a result of the defendant's unlawful acts. (*Jenkins*, *supra*, 216 Cal.App.4th at p. 522.)

In support of his claim, Walker incorporated all the allegations set forth elsewhere in his amended complaint. However, we have found neither cause of action sufficient to survive demurrer. Where a Business and Professions Code section 17200 claim is based on facts supporting other causes of action that have been found wanting, it is appropriate to also dismiss the underlying section 17200 claim. (*Keen v. American Home Mortgage Servicing, Inc.* (E.D.Cal. 2009) 664 F.Supp.2d 1086, 1102.)

The same holds true for Walker's declaratory relief action.  Since we find the demurrer properly sustained as to all other causes of action, the declaratory relief action also fails.

## DISPOSITION

The judgment is affirmed.

          RAYE         , P. J.

We concur:

       BLEASE       , J.

       MURRAY       , J.

10