Filed 4/26/23  Kirby v. First American Title CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SUSAN KIRBY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>FIRST AMERICAN TITLE,<br>INC., et al.,<br><br>    Defendants and Respondents. | 2d Civ. No. B322898<br>(Super. Ct. No. 20CV00913)<br>(Santa Cruz County) |

This action involves an alleged "foreclosure rescue scam" in which defendant Patrick Oliver convinced plaintiff Susan Kirby to transfer title to her home in Watsonville, California (the Property) to his company, defendant Seville Development Group, LLC (Seville).  Seville took out a $720,000 loan against the Property and allegedly converted Kirby's equity to its own benefit.  Kirby claims defendants First American Title, Inc. (FirstAm), RushMyFile, Inc. (RMF) and SDC Capital, LLC (SDC) aided the "scam."

The trial court sustained RMF's demurrer to Kirby's fourth amended complaint (4AC) without leave to amend and dismissed RMF from the action. Kirby contends that even if the 4AC did fail to state a cause of action against RMF, the court abused its discretion by denying leave to amend. We agree. The allegations in Kirby's sixth amended complaint (6AC) and seventh amended complaint (7AC) demonstrate that she can state a valid claim against RMF for conspiracy to commit fraud. We reverse and remand.[1]

FACTUAL AND PROCEDURAL BACKGROUND

In 2018, Kirby had difficulty making her mortgage payments. Unable to qualify for a home renovation loan, Kirby arranged for Oliver to "refinance" the Property. She alleges that "Oliver represented to [her] that: the refinance would bring [Kirby] current on her mortgage obligations and other debts; he would make improvements to the Property; and then . . . sell it; and then divide the remaining equity with [Kirby]." (Italics omitted.) To facilitate the "refinance," Kirby transferred title to the Property to Seville.

RMF brokered a $720,000 loan between Seville and SDC. "Upon closing of the escrow, Seville . . . received approximately $160,000 and [Kirby] received $30,000 since the only consideration paid toward the [transaction] was the $720,000 loan provided by SDC."

---

[1] Even though RMF's demurrer to the 4AC was sustained without leave to amend, the trial court has allowed Kirby to continue to treat RMF as a named defendant pending the outcome of this appeal.

After two unsuccessful attempts to state a cause of action against RMF,[2] Kirby filed the 4AC, in which she alleged breach of contract, breach of fiduciary duty, negligence, fraud and declaratory relief claims against RMF, FirstAm and SDC. Kirby alleged: "Based on the final distributions and the credit of [her] net equity to Seville, the transaction was a sham which allowed [Kirby's] substantial equity to be converted by Seville. Seville retained its distribution from the escrow and did not contribute any monies to the improvement of the Property nor did it make any payments on the loan to SDC."

Kirby further alleged "on information and belief" that RMF "monitored and managed the FirstAm escrow" and "knew that Seville was not helping refinance [Kirby's] Property but instead engaging in a scheme to convert [her] equity to itself."

The trial court sustained RMF's demurrer to the 4AC without leave to amend, stating: Kirby "has not alleged facts to support her allegations that RMF knew or should have known of Seville's scheme or the allegedly inconsistent modifications to the transaction to sell [Kirby's] property to Seville. She has not sufficiently alleged how RMF 'participated' in the transaction, and has not alleged facts demonstrating that RMF owed [Kirby] (who had already transferred title to Seville) any duty to disclose the loan terms. Any misrepresentation by RMF to SDC as to Seville's creditworthiness or the terms of the sales agreement was a fraud on SDC, not [Kirby]."

The court further found that Kirby had not pled a conspiracy among all the defendants, as she had claimed, and

---

[2] Kirby did not name RMF as a defendant in her first two complaints. The trial court sustained RMF's demurrers to the second and third amended complaints with leave to amend.

3

that her allegations "are vague, and place RMF in a very different role than that of a traditional mortgage broker."

Kirby contends this was error and that, even if the 4AC did not adequately plead conspiracy, she did state a cause of action for conspiracy to commit fraud in both the fifth amended complaint (5AC) and the 6AC. She claims they demonstrate ["RMF's] participation in the conspiracy to defraud [Kirby] by working directly with . . . Oliver and [FirstAm]."[3]

DISCUSSION[4]

*Standard of Review*

"We review a judgment of dismissal after an order sustaining a demurrer de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of law. [Citation.] We 'assume the truth of all facts properly pleaded by the plaintiffs, as well as those that are judicially noticeable.' [Citation.] 'We may affirm on any basis stated in the demurrer, regardless of the ground on which the trial court based its ruling.'" (*Hanouchian v. Steele* (2020) 51 Cal.App.5th 99, 106.)

"It is an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable probability that the defect

---

[3] We grant Kirby's unopposed request to take judicial notice of the 5AC and 6AC. On our own motion, we take judicial notice of the 7AC, filed on August 23, 2022. (Evid. Code, §§ 452, subd. (d)(1), 459.)

[4] Our review of the issues on appeal has been hindered by the lack of record references in RMF's brief. (See Cal. Rules of Court, rule 8.204(a)(1)(C); *Liberty National Enterprises, L.P. v. Chicago Title Ins. Co.* (2011) 194 Cal.App.4th 839, 846 [court may disregard assertions and arguments that lack record references].)

4

can be cured by amendment.  [Citation.]  The burden is on the plaintiff to demonstrate how the complaint can be amended to state a valid cause of action.  [Citation.]  The plaintiff can make that showing for the first time on appeal." (*Chapman v. Skype Inc.* (2013) 220 Cal.App.4th 217, 226; *Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1608-1609.)

*The Trial Court Abused Its Discretion*
*by Sustaining RMF's Demurrer to Kirby's Fraud*
*Claim in the 4AC Without Leave to Amend*

Kirby admits she agreed to transfer title to the Property to Seville to facilitate a loan.  Her plan was (1) to obtain the loan based on Seville's credit, (2) to pay her mortgage arrearages and other debts from the loan proceeds, (3) to use the remaining proceeds to renovate the Property to prepare it for sale and (4) to split the sale proceeds with Seville.  Kirby explains that "[i]nitially the Property was to remain in [her] name though Oliver later represented that the escrow would close in Seville's name and then be transferred back to [her].  [Kirby] only eventually consented to the transfer to Seville because she believed it was a formality needed to . . . refinance her Property and fund the planned improvements."  (Italics and underlining omitted.)

Seville obtained the loan, which paid off Kirby's debts and mortgage arrearages and provided Seville with a $160,000 equity payment.  Kirby anticipated that Seville would use those funds to renovate the Property and then split the proceeds of its sale.  Instead, "Seville retained its distribution from the escrow and did not contribute any monies to the improvement of the Property."

Seville and Oliver are not parties to this appeal.[5] The sole question on appeal is whether Kirby has stated or can state a claim for relief against RMF.

### The 7AC States a Claim Against RMF for Conspiracy to Commit Fraud

"In California, fraud must be pled specifically; general and conclusory allegations do not suffice." (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645.) The normal policy of liberally construing pleadings against a demurrer will not be invoked to sustain a fraud cause of action that fails to set forth such specific allegations. (*Ibid.*) The heightened pleading standard for fraud requires "'pleading facts which "show how, when, where, to whom, and by what means the representations were tendered."' [Citation.]" (*Ibid*, italics omitted.) The specificity requirement serves two purposes: (1) to furnish the defendant with certain definite charges that can be intelligently met, and (2) to ensure the complaint is specific enough so that the court can "weed out nonmeritorious actions on the basis of the pleadings." (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216-217.)

"Civil conspiracy is not an independent tort. [Citation.] 'Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort.' [Citation.]" (*Favila v. Katten Muchin Rosenman LLP* (2010) 188 Cal.App.4th 189, 206.)

To adequately plead a claim for civil conspiracy, the plaintiff must plead facts showing "(1) the formation and

---

[5] Kirby reached a settlement with Oliver in which he agreed to return title to the Property in exchange for a release of liability.

6

operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." (*Kidron v. Movie Acquisition Corp.* (1995) 40 Cal.App.4th 1571, 1581.) Where, as here, "fraud is alleged to be the object of the conspiracy, the claim must be pleaded with particularity." (*Prakashpalan v. Engstrom, Lipscomb & Lack* (2014) 223 Cal.App.4th 1105, 1136.)

As the trial court observed, the 4AC's fraud cause of action does not mention a conspiracy. Nor does it satisfy the specific pleading requirements for fraud. (See *Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 157.) Both the 6AC and 7AC overcome these deficiencies.

The trial court ruled that the 6AC had sufficiently pled facts to state a cause of action against FirstAm for conspiracy to commit fraud and overruled FirstAm's demurrer on that basis. The allegations name RMF as one of the co-conspirators. Kirby alleged: "Oliver could not defraud the Plaintiff without the participation of the defendant, FirstAm, with which [RMF] was a knowing participant in a civil conspiracy with a common plan for each party to financially gain from defrauding Plaintiff. FirstAm earned fees from processing the transaction and placing the title insurance. [RMF] earned a mortgage broker commission by finding a lender for Seville."[6]

The 7AC, which is now the operative complaint, reiterates and expands upon the fraud and conspiracy allegations against RMF, FirstAm and SDC. Among other things, it alleges that

---

[6] We take judicial notice of the trial court's Order After Hearing dated June 6, 2022, overruling FirstAm's demurrer to the 6AC. (Evid. Code, §§ 452, subd. (d)(1), 459.)

RMF's "knowledge of the conspiracy is evidenced by its recruitment of lender SDC without informing its principal Steven Chlavin that the purported 'buyer' Seville was not investing any money into the transaction and was not creditworthy."

To state a claim for conspiracy to commit fraud, a plaintiff need not allege facts to support an independent fraud cause of action against each actor. As noted above, a conspiracy claim imposes liability on persons who did not actually commit the tort. (*Applied Equipment Corp. v. Litton Saudi Arabia Ltd* (1994) 7 Cal.4th 503, 510-511.) "'[T]he major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity.'" (*Doctors' Co. v. Superior Court* (1989) 49 Cal.3d 39, 44.)

Kirby adequately alleges that FirstAm and RMF, as co-conspirators, "are fully liable for the fraudulent acts of Oliver as if they had committed those acts themselves." We conclude the trial court abused its discretion by dismissing RMF from the lawsuit after sustaining its demurrer to the 4AC.

## DISPOSITION

The trial court's order dated November 23, 2021, sustaining RMF's demurrer to the fourth amended complaint (4AC) without leave to amend and dismissing RMF from the action is reversed. The causes of action alleged against RMF in the operative seventh amended complaint (7AC) are hereby stricken except for the fifth cause of action for conspiracy to commit fraud, which Kirby has adequately pleaded against RMF. RMF shall have 60 days from the date of this opinion to answer or otherwise plead to

8

that remaining cause of action.  Kirby shall recover her costs on appeal.

     NOT TO BE PUBLISHED.


                GILBERT, P. J.


We concur:


    YEGAN, J.


    BALTODANO, J.


9

Paul Marigonda, Judge
Superior Court County of Santa Cruz

_____

Thornton Davidson; Law Office of Simmons & Purdy, Pamela D. Simmons and William Purdy, for Plaintiff and Appellant, Susan Kirby.

Law Offices of Edward T. Weber, Edward T. Weber and Kristi M. Wells, for Defendant and Respondent, RushMyFile, Inc.