**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUY HART, | No. 24-36 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-03399-FLA-MRW |
| v. | |
| SELECT PORTFOLIO SERVICING, INC. et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted February 13, 2025**
Pasadena, California

Before: WALLACE, GRABER, BUMATAY, Circuit Judges.

Plaintiff Guy Hart ("Hart") appeals from the district court's judgment in favor of Defendant Select Portfolio Servicing, Inc. ("SPS"), and dismissal without leave to amend his claims against Defendant Bank of America, N.A. ("BANA").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1. *RESPA Claim Against SPS.* Hart contends that SPS violated the Real Estate Settlement Procedures Act ("RESPA") by failing to respond to inquiries he sent between July 2019 and April 2022. RESPA requires servicers to respond only to qualified written requests ("QWRs"), which seek or challenge "information relating to the servicing of [the] loan." 12 U.S.C. §§ 2605(e)(1)(A), (e)(2). In turn, RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Id.* § 2605(i)(3). "[L]etters challenging only a loan's validity or its terms are not qualified written requests that give rise to a duty to respond under § 2605(e)." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 667 (9th Cir. 2012). Hart's letters to SPS do not address "servicing" and, instead, challenge the loan as "illegal." Therefore, his correspondence did not constitute QWRs, and judgment in favor SPS was proper.

2. *FDCPA Claim Against SPS.* Hart contends that SPS violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect on a loan that was modified or extinguished and therefore was not legally owed. Under California law, which applies here, any agreement to modify a mortgage is subject

2

to the statute of frauds. *See* Cal. Civ. Code §§ 1624, 2922; *Secrest v. Sec. Nat'l Mortg. Loan Tr. 2002-2*, 84 Cal. Rptr. 3d 275, 282 (Ct. App. 2008). Consequently, an oral modification to a mortgage is invalid, and claims based on such an alleged modification fail. *Secrest*, 84 Cal. Rptr. 3d at 282. It is undisputed that Hart has not produced a writing that modifies his mortgage. Therefore, the district court properly granted SPS judgment on Hart's FDCPA claim.

3. *Negligent Misrepresentation Claim Against SPS.* Hart asserts that SPS (1) misrepresented that he was in default on his mortgage and that a foreclosure action could be taken if he did not make the demanded payments, and (2) represented to Hart that his inquiries would be meaningfully responded to, and that any identified issues would be addressed. Since, as discussed, Hart failed to present evidence that his loan was modified, the first representation was a true statement and not a misrepresentation. Moreover, the challenged representations— that SPS "would" respond and "would" address any issues—are promises to perform future actions, which cannot serve as the basis for a negligent misrepresentation claim. *See, e.g., Stockton Mortg., Inc. v. Tope*, 183 Cal. Rptr. 3d 186, 203 (Ct. App. 2014); *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. Rptr. 2d 861, 863 (Ct. App. 1991). Accordingly, the district court properly granted judgment for SPS on Hart's negligent misrepresentation claim.

4. *UCL Claim Against SPS.* Hart's UCL claim against SPS relies on

3

his RESPA, FDCPA, and negligent representation claims and therefore fails as well.

5. *FDCPA Claim Against BANA.* Hart claims that BANA violated the FDCPA by attempting to collect on the allegedly extinguished loan. BANA moved to dismiss, arguing it does not qualify as a debt collector under the FDCPA. The FDCPA defines a "debt collector" as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). One must "attempt to collect debts owed *another* before [it] can ever qualify as a debt collector" under the FDCPA. *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 87 (2017). There is no evidence in the record that BANA ever ceased being the lender on Hart's loan and, therefore, BANA cannot be liable under the FDCPA. Dismissal without leave to amend was proper.

6. *Negligent Misrepresentation Claim Against BANA.* Hart argues that BANA is liable for negligent misrepresentation because it told SPS that Hart's loan was not extinguished. Representations made to third parties, rather than to the party asserting the claim, do not establish a causal connection between the representation and the alleged harm, which is necessary to establish negligent misrepresentation. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*, 89 Cal. Rptr. 3d 473, 483–84 (Ct. App. 2009).

4

Further, amending this claim would be futile because Hart was aware of the representation by April 25, 2017, and did not file suit until after the three-year statute of limitations passed. *See Broberg v. The Guardian Life Ins. Co. of Am.*, 90 Cal. Rptr. 3d 225, 231 (Ct. App. 2009) ("The limitations period for . . . negligent misrepresentation claims is three years."). Therefore, dismissal without leave to amend was proper.

7. *UCL Claim Against BANA.* Hart's UCL claim against BANA relies on his FDCPA and negligent representation claims and therefore fails as well.

**AFFIRMED.**