Filed 3/30/26  Singleton v. TKG Storage Mart Partners CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DUANE A. SINGLETON,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>TKG STORAGE MART PARTNERS,<br><br>Defendant and Respondent. | A174412<br><br>(Alameda County<br>Super. Ct. No. 24CV061018) |

Plaintiff Duane A. Singleton, appearing without a lawyer, appeals the judgment of dismissal entered in favor of defendant TKG Storage Mart Partners (TKG) after the court sustained without leave to amend TKG's demurrer to Singleton's third amended complaint for breach of contract, fraud, and unjust enrichment.  We affirm the order sustaining the demurrer because Singleton has failed to meet his burden of demonstrating error on appeal, and we conclude that the court did not abuse its discretion in denying Singleton leave to amend his breach of contract and fraud claims.  We conclude, however, that the court abused its discretion in denying Singleton leave to amend his claim for unjust enrichment.  Accordingly, we reverse the judgment and remand for further proceedings.

**BACKGROUND**

In May 2018, Singleton filed a complaint in the Alameda County Superior Court under case number RG18906180 against TKG for breach of contract, fraud, and unjust enrichment arising out of damages to property he stored in units 3106

1

and 2279 of TKG's facility. In June 2023, after several demurrers and motions to strike, Singleton's sixth amended complaint was dismissed with prejudice. Singleton's appeal of the judgment to this court was dismissed in October 2023 after Singleton failed to file an opening brief.

In January 2024, Singleton filed the present action against TKG alleging causes of action for breach of contract, fraud and unjust enrichment based on damage to property he stored in units 1112 and 1169 of TKG's facility. The complaint alleges that "each of my units has become over-ran [sic] with their on-going [sic] rat infestation" and that unit 1169 "is also overwhelmed with black mold." He further alleges that TKG "maliciously charged" him with "vast sums of unjustified charges" which he "adamantly do[es] refuse to pay." He accuses TKG of "getting away with unjustly causing harm" to "the most vulnerable people" with "overwhelmingly one-sided" contracts which were "always viciously unreadable via the font used."

TKG demurred to the complaint on the ground that it failed to state a cause of action and was barred by the doctrine of res judicata. The court overruled the demurrer in part and sustained the demurrer in part with leave to file a first amended complaint.

Singleton's first amended complaint was filed in May 2024. The complaint repeats the prior allegations and adds allegations that TKG continues to demand payment for the storage units, "intentionally overwhelming" him and his ability to pay; TKG's contracts are part of an "on-going policy and practice designed to . . . defraud[] their customers"; and TKG's breach of contract is "[c]ompounded with the fact that [TKG] refuse[s] to check for Hantavirus Pulmonary Syndrome via the brown rat infestation." As to the claim for unjust enrichment, the first amended complaint alleges that TKG took his "monies without providing the safe services that I contracted with them to pay for." As to the fraud claim, Singleton alleges

2

that the claim is based on the " 'unconscionable contract,' compounded with the total extent of each and every intentional act/(s) from my contracting with them." As to the breach of contract claim, the amendment adds that TKG breached the contract by "firmly refusing to provide a[] safe environment with a[] vast array of deceitful actions."

TKG demurred again arguing that the amended complaint was uncertain and failed to allege a cause of action. The court sustained the demurrer with leave to amend. The trial court's order detailed what additional allegations were necessary to overcome TKG's demurrer. The court advised that the cause of action for unjust enrichment failed to allege that Singleton "has conferred any benefit of any type on TKG" and to the contrary, alleges "that he has refused to pay the storage fees charged on his unit." With respect to the fraud claim, the court explained that Singleton had not alleged "the name of the person who made the allegedly fraudulent representation, what that person said or wrote, when, and how the representation was false and caused Plaintiff to suffer damages." Finally, as to the breach of contract claim, the court found that the complaint does not "identify whether the contract on which this cause of action is based was written, oral, or implied in fact" and does not "allege the material terms of the contract that Defendant breached, and how." The court instructed, "If the contract was written, Plaintiff shall attach a copy of the contract as an exhibit to his Second Amended Complaint. If the contract was oral or implied in fact, Plaintiff shall allege when and how he formed the contract with TKG."

In January 2025, when an amended complaint was not timely filed, the court issued an order to show cause why the matter should not be dismissed. However, after being informed by the court clerk that it erroneously rejected Singleton's filing of the second amended complaint, the court withdrew the order to show cause and directed Singleton to refile the second amended complaint. At a subsequent

3

hearing, Singleton explained that he no longer had a copy of his second amended complaint because the briefcase that held his legal documents was stolen. Accordingly, the court granted Singleton permission to file a third amended complaint.

Singleton thereafter filed his third amended complaint.[1]  The complaint realleges the facts set forth above and added the relevant but contradictory new allegation related to his unjust enrichment claim that TKG took "monies without providing the safe services that I contracted with them *and paid for*."  TKG filed a demurrer to the complaint arguing that all causes of action remain uncertain, ambiguous, unintelligible, and do not state facts sufficient to constitute a cause of action.  Singleton opposed the demurrer, arguing that TKG is "intentionally defraud[ing]" people and that the defendant's demurrers are "just as viciously set up to[] do harm as the defendant['s] on-going unconscionable contracts are."  The court sustained the demurrer without leave to amend.  The court explained that despite being given several opportunities to allege that he had conferred some benefit on TKG for which restitution should be made, Singleton failed to do so.  The court added, "If Plaintiff did not pay TKG's charges, there is no basis for a restitution claim.  If, on the other hand, Plaintiff paid TKG pursuant to the terms of a contract, then Plaintiff cannot state a claim for restitution based on unjust enrichment."  The court found further that Singleton had previously been granted leave to amend to allege specific facts in support of a fraud claim but that, to date, Singleton has not alleged any specific misrepresentations by TKG or any other facts giving rise to a fraud claim.  Finally, the court found that despite having been given several opportunities, the complaint still fails to allege the terms of any

---

[1] The document bears an apparently erroneous filed-endorsed stamp date of March 24, 2024.  From context we assume the date was March 24, 2025.

4

contract sufficient to support his claim for breach of contract. After ruling on the demurrer, the court ordered the case dismissed.

## DISCUSSION

"On an appeal from a judgment of dismissal entered after a demurrer has been sustained, the issue is whether, assuming the truth of all well pleaded facts and those subject to judicial notice, the complaint alleges facts sufficient to state a cause of action." (*Nealy v. County of Orange* (2020) 54 Cal.App.5th 594, 600.) " 'If the complaint states a cause of action under any theory, regardless of the title under which the factual basis for relief is stated, that aspect of the complaint is good against a demurrer.' " (*Denny v. Arntz* (2020) 55 Cal.App.5th 914, 920.) When the demurrer is sustained without leave to amend, we must further decide " 'whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse.' " (*McKenney v. Purepac Pharmaceutical Co.* (2008) 167 Cal.App.4th 72, 78.)

While our review of the sufficiency of the complaint is de novo, appellant still bears the burden of demonstrating error. (*Denny v. Arntz, supra,* 55 Cal.App.5th at p. 920.) "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287.) Likewise, while we review the denial of leave to amend for an abuse of discretion, the "burden of demonstrating a reasonable probability that the defect can be cured by amendment 'is squarely on the plaintiff.' " (*McKenney v. Purepac Pharmaceutical Co., supra,* 167 Cal.App.4th at p. 78.)

## I.

Before addressing the merits of the appeal, we note that Singleton's opening brief and "addendum" to the opening brief focus to a significant degree on irrelevant issues. He contends that the court minutes from the hearing on the

5

order to show cause are "false" and seems to suggest that the court erred in refusing to file his second amended complaint. Singleton was, however, permitted to file a third amended complaint and the demurrer was subsequently sustained to that complaint. Accordingly, Singleton was not prejudiced by any confusion regarding the rejection of his second amended complaint.[2]

Citing pages 465 to 472 of the clerk's transcript, he asserts without argument that the trial court "firmly and consistently" waged "enormous prejudicial acts" against him. The cited pages of the clerk's transcript include Singleton's notice of appeal in which he makes the following additional arguments in support of his appeal: First, the third amended complaint "was in fact only my second one that the court was able to review because the court clerks never filed" the second amended complaint. Second, because he has been litigating these claims for "a vast number of years" against the same defendant, TKG is "very well aware of the germane and material facts of this unconscionable contract case." Third, the rat infestation at TKG's facility poses a considerable health hazard to him and the general public. The notice of appeal is not the proper vehicle for raising arguments on appeal. (See Cal. Rules of Court, rules 8.100, 8.200 and 8.204.) In any event, to the extent relevant, we address these additional arguments below.

## II.

Singleton's opening brief makes no argument challenging the court's ruling on his breach of contract or fraud claims. Because Singleton has not met his burden of demonstrating error, we affirm the order sustaining the demurrer to the breach of contract and fraud causes of action. (*City of Santa Maria v. Adam*, *supra*, 211 Cal.App.4th at pp. 286–287; *Golden Day Schools, Inc. v. Department of*

---

[2] Singleton also makes an argument about his complaint being assigned an incorrect case number. We do not understand the argument and are therefore unable to address it.

*Education* (1999) 69 Cal.App.4th 681, 695, fn. 9 ["An issue merely raised by a party without any argument or authority is deemed to be without foundation and requires no discussion"].)

While Singleton suggests in the notice of appeal that he should be allowed to rely on TKG's presumed knowledge of the relationship between the parties to allege a cause of action for breach of contract or fraud, he has not alleged sufficient facts in support of such reliance. (See *Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 158 [specificity requirement may be " 'relaxed when the allegations indicate that "the defendant must necessarily possess full information concerning the facts of the controversy" [citations] or "when the facts lie more in the knowledge of the [defendant]" ' "].) Nor has he explained what additional facts might be alleged to cure the defects previously identified by the trial court. Accordingly, the trial court did not abuse its discretion in denying Singleton leave to amend these causes of action.

### III.

Singleton's opening brief asserts summarily that the court erred in sustaining the demurer to his claim for unjust enrichment. As TKG notes, unjust enrichment is not an independent cause of action. (*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1370 (*Durell*).) The trial court, however, properly considered the claim as one for restitution. (*Ibid.* ["Unjust enrichment is synonymous with restitution"].) " 'Under the law of restitution, "[a]n individual is required to make restitution if he or she is unjustly enriched at the expense of another. [Citations.] A person is enriched if the person receives a benefit at another's expense. [ Citation.]" [Citation.] However, "[t]he fact that one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are

7

such that, as between the two individuals, it is *unjust* for the person to retain it." ' "
(*Ibid.*)

Singleton argues that "the pleading for unjust enrichment survived a demurrer" because TKG received a benefit and retained that benefit at the expense of another. Although the third amended complaint alleges, as set forth above, that TKG took "monies" from him for "services that he contracted with them and paid for," it appears to contradict the allegation earlier in the third amended complaint, as well as in prior versions of his pleading, that he has refused to pay TKG's "unjustified charges." (See, e.g., *Holland v. Morse Diesel Internat., Inc.* (2001) 86 Cal.App.4th 1443, 1447 [in ruling on demurrer, court need not accept the truth of allegations that are contradicted or inconsistent with allegations made in earlier pleadings].) As the trial court noted, if Singleton did not pay any unjustified charges, there is no basis for a restitution claim. It is reasonably possible, however, that additional allegations could remove the apparent inconsistency by clarifying that, even though there are some charges that Singleton refused to pay, there are other charges he did pay that TKG has unjustifiably retained. To avoid further demurrer on this ground, Singleton must allege what amounts, if any, he has paid TKG, the facts and circumstances surrounding any such payments, and why TKG's retention of those amounts is unjust.

In sustaining the demurrer to this cause of action, the trial court offered as an alternative ground that, if Singleton "paid TKG pursuant to the terms of a contract, then [he] cannot state a claim for restitution based on unjust enrichment." It is true that Singleton alleged that he performed under various contracts— unidentified but alleged to be both oral and written—and that TKG breached those contracts by, among other things, failing to maintain a safe environment free from a rat infestation. But the trial court found those allegations were insufficient to state a claim for breach of contract, and we explained above that Singleton has not

8

carried his burden to establish error in that decision. We do not think the court could properly find that the contract was inadequately alleged for the purpose of stating a cause of action for breach of contract but adequately alleged for the purpose of defeating Singleton's cause of action for restitution as a matter of law. Moreover, in *Durell, supra,* 183 Cal.App.4th at page 1370, the court held that "an unjust enrichment claim does not lie where the parties have an *enforceable express contract,*" but acknowledged that "restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." (Italics added.) Here, Singleton's complaint alleges that the contracts are unreadable, "overwhelmingly one sided," and designed to defraud customers. In connection with his fraud claim, he describes the contracts as "unconscionable."

In sum, while Singleton has not yet supplied allegations sufficient to show what he paid TKG and why TKG's retention of that money is unjust, we do not find that the references to one or more contracts in the complaint foreclose a restitution cause of action if Singleton amends the complaint to supply the missing information.

## DISPOSITION

The judgment is reversed with directions to the court to enter a new order sustaining TKG's demurrer to the third amendment complaint, denying leave to amend as to the breach of contract and fraud claims but granting leave to amend the unjust enrichment claim.  The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
MOORMAN, J.*

---

*Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10